770 So.2d 195 (2000)
Kenneth ODOM, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2225.
District Court of Appeal of Florida, Second District.
September 29, 2000.
*196 James Marion Moorman, Public Defender, and Joan Fowler, Assistant Public Defender, Bartow, for Appellant.
Kenneth Odom, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Michele Taylor, Assistant Attorney General, Tampa, for Appellee.
PARKER, Acting Chief Judge.
Kenneth Odom appeals the trial court's order denying his motion for postconviction relief. The trial court summarily denied Odom's motion as to six of the grounds he raised and denied his motion as to the seventh ground following an evidentiary hearing. Odom's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), finding no error in the trial court's summary denial. A thorough review of the record leads this court to conclude that the trial court erred in denying grounds four and five of Odom's motion without an evidentiary hearing. Therefore, we reverse and remand on those grounds. We affirm the trial court's order in all other respects.
In ground four of Odom's motion, he alleges that defense counsel was ineffective for failing to review notes used by a detective in preparing a police report. During rebuttal, the State elicited testimony from the detective concerning the length of time that Odom had known his codefendant prior to the incident in question. During cross-examination of the detective, he admitted that the information was not contained in his official report, but testified that it was in his notes from his interview with Odom. Odom's defense counsel objected to the detective's references to his notes and requested that he be given the opportunity to review the notes. The trial court granted this request, and the detective left the witness stand to retrieve his notes. Odom alleges that when the detective returned, defense counsel did not review the notes and that he was ineffective for not doing so. Odom alleges that a proper review of the notes would have allowed for further and more effective impeachment of the detective.
The trial court summarily denied Odom's motion on this ground without attaching the portions of the record showing what occurred after the detective returned to the courtroom with his notes. Therefore, it is impossible for this court to determine whether, in fact, defense counsel did review the notes and whether defense counsel continued with any cross-examination following the detective's return. If the information was not in the detective's notes as he testified it was, this would have impeached the detective's testimony and bolstered Odom's credibility. Because the attachments to the trial court's order do not clearly refute Odom's allegations, we are compelled to remand this case to the trial court for it to either attach those portions of the record showing conclusively that Odom's claim is without merit or to conduct an evidentiary hearing on this issue.
In ground five of Odom's motion, he alleges that defense counsel was ineffective for failing to interview certain potential witnesses and for failing to call them to testify. Odom alleges that defense counsel was aware of these witnesses prior to trial and that these witnesses would have provided testimony contradicting that offered by the State. Odom's motion provides the identity of the witnesses, the substance of their testimony, *197 and the reasons why the omission of this testimony was prejudicial. The trial court denied Odom's motion on the grounds that Odom did not allege that the witnesses were available to testify and that the witnesses' testimony was either irrelevant, inadmissible, or cumulative. We reverse on both grounds.
First, this court has held that a facially sufficient motion alleging ineffective assistance of counsel for failure to call witnesses must set forth (1) the identity of the prospective witness; (2) the substance of the witness's testimony; and (3) an explanation as to how the omission of the testimony prejudiced the outcome. See Robinson v. State, 659 So.2d 444, 445 (Fla. 2d DCA 1995). While the First and Third Districts have held that the motion must also allege that the witnesses were available to testify, see Highsmith v. State, 617 So.2d 825 (Fla. 1st DCA 1993); Puig v. State, 636 So.2d 121 (Fla. 3d DCA 1994), this court has not followed suit. Therefore, under this district's precedent, the trial court erred in summarily denying Odom's motion on this basis.
Second, the trial court failed to attach those portions of the record that conclusively establish that the testimony of the named witnesses would have been cumulative "in light of the overwhelming evidence presented at trial concerning [Odom's] guilt." As best we can glean from the record filed in this appeal, Odom's defense was that he and his codefendant had gone to the Risque Lingerie shop, paid for private modeling sessions with the victims, paid for sex with the victims, and left. The victims do not dispute that they were paid for private modeling sessions; however, they claim that they were not paid for sex but rather were raped. Obviously, there were material contradictions between the testimony of the victims and Odom's testimony on his own behalf, and Odom's credibility was a major factor before the jury.
Based on the allegations in Odom's motion, two of the witnesses would have corroborated Odom's testimony on some disputed matters, thus bolstering his credibility in general before the jury. The testimony from these two witnesses, Karen Rounsaville and Dr. Lewis, does not appear to be irrelevant, inadmissible, or cumulative based on the trial court's attachments to its order. The trial court's order also states that Odom failed to show prejudice from the omission of these witnesses because of the "overwhelming evidence presented at trial concerning [Odom's] guilt." However, the trial court's attachments do not allow this court to review this finding. The trial court attached only limited excerpts of the trial testimony, none of which support its statement that the evidence against Odom was overwhelming. It may have been, but from the attachments provided by the trial court, we cannot so determine. Therefore, on remand the trial court must attach whatever portions of the record are necessary to support this statement or provide Odom with an evidentiary hearing on this ground.
Affirmed in part. Reversed and remanded to the trial court for further proceedings as to grounds four and five of Odom's motion.
NORTHCUTT and SALCINES, JJ., Concur.