875 So.2d 579 (2004)
Paul Michael NELSON, Petitioner,
v.
STATE of Florida, Respondent.
No. SC02-1418.
Supreme Court of Florida.
June 3, 2004.
*580 James B. Gibson, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, and Angela D. McCravy and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, FL, for Respondent.
WELLS, J.
We have for review Nelson v. State, 816 So.2d 694 (Fla. 5th DCA 2002), which expressly and directly conflicts with the decision in Odom v. State, 770 So.2d 195 (Fla. 2d DCA 2000). We have jurisdiction. See art. V,§ 3(b)(3), Fla. Const.

*581 FACTS
Petitioner Paul Michael Nelson (Nelson) was convicted of second-degree murder, which was affirmed by the Fifth District. Nelson v. State, 725 So.2d 412 (Fla. 5th DCA 1999). Nelson subsequently filed a pro se motion for postconviction relief in the circuit court, alleging, among other things, that his trial counsel was ineffective for failing to call, interview, or investigate certain witnesses.[1] Nelson requested an evidentiary hearing to further develop the facts surrounding this claim. In response to Nelson's motion, the State argued that Nelson's motion was facially insufficient because Nelson failed to indicate whether the asserted witnesses would have been available to testify at trial.
The trial court summarily denied Nelson's claim, reasoning that Nelson's motion was facially insufficient because Nelson did not allege that the witnesses were available to testify. State v. Nelson, No. CF96-705 (Fla. 7th Cir. Ct. order filed Dec. 5, 2000) (Order). The court further expressly concluded that even had Nelson asserted the availability of Ann Hopkins, her testimony would not have changed the outcome of the trial.
Nelson appealed the trial court's summary denial of this claim to the Fifth District Court of Appeal. The district court affirmed the trial court's order denying Nelson's ineffective assistance of counsel claim, holding that the trial court correctly found that Nelson's claim was facially insufficient because Nelson failed to allege that any of the witnesses were available for trial. Nelson v. State, 816 So.2d 694 (Fla. 5th DCA 2002). Relying on Highsmith v. State, 617 So.2d 825 (Fla. 1st DCA 1993), the district court stated:
This conclusion logically follows from the fact that a postconviction ineffective assistance of counsel claim which is based upon counsel's failure to call witnesses must include "an explanation as to how the admission of this evidence prejudiced the outcome of the trial." Counsel's failure to call a witness who was unavailable to testify at trial could not logically prejudice the outcome of a defendant's trial.
Nelson, 816 So.2d at 695-96 (citation omitted). In so holding, the Fifth District noted conflict with the Second District's decision in Odom v. State, 770 So.2d 195 (Fla. 2d DCA 2000), in which the Second District held that a motion for postconviction relief need not allege the availability of a witness to be facially sufficient. This Court granted review on the basis of the conflict between the instant case and Odom.

ANALYSIS
The point of conflict before this Court is whether a defendant alleging that counsel was ineffective for failing to call, interview, or investigate witnesses at trial must specifically allege in his or her postconviction motion that the witnesses would have been available to testify at trial had counsel called them. This Court's review of this question of law is de novo. State v. Glatzmayer, 789 So.2d 297, 301-02 n. 7 (Fla.2001).
Florida Rule of Criminal Procedure 3.850(c), which sets forth the required contents of a rule 3.850 motion, provides:
(c) Contents of Motion. The motion shall be under oath and include:
(1) the judgment or sentence under attack and the court which rendered the same;

*582 (2) whether there was an appeal from the judgment or sentence and the disposition thereof;
(3) whether a previous postconviction motion has been filed, and if so, how many;
(4) if a previous motion or motions have been filed, the reason or reasons the claim or claims in the present motion were not raised in the former motion or motions;
(5) the nature of the relief sought; and
(6) a brief statement of the facts (and other conditions) relied on in support of the motion.
This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence.
In addition to the Fifth District in the instant case, the First, Third, and Fourth District Courts of Appeal have repeatedly held that a defendant asserting ineffective assistance of counsel for the failure to call, interview, or present witnesses at trial must specifically allege that those witnesses would have been available to testify at trial. These courts base their decisions on the fact that a postconviction ineffective assistance of counsel claim which is based upon counsel's failure to call witnesses must include an explanation as to how the admission of the evidence prejudiced the outcome of trial. Counsel's failure to call a witness who was unavailable to testify at trial could not prejudice the outcome of a defendant's trial. See, e.g., Highsmith v. State, 617 So.2d 825 (Fla. 1st DCA 1993); Williamson v. State, 559 So.2d 723 (Fla. 1st DCA 1990); Puig v. State, 636 So.2d 121 (Fla. 3d DCA 1994); Palmer v. State, 683 So.2d 678 (Fla. 4th DCA 1996).
The Second District has held to the contrary. In Odom v. State, 770 So.2d 195, 197 (Fla. 2d DCA 2000), the Second District held that a facially sufficient postconviction motion alleging ineffective assistance of counsel for the failure to call witnesses at trial must set forth only (1) the identity of the prospective witnesses, (2) the substance of the witnesses' testimony, and (3) an explanation as to how the omission of the testimony prejudiced the outcome of the trial. The district court recognized that the other district courts had required availability in addition to the above three requirements but noted that the Second District had not followed these decisions and would therefore follow its own precedent that did not require an availability assertion. See also Tyler v. State, 793 So.2d 137 (Fla. 2d DCA 2001).
As noted by the parties in this case, in Gaskin v. State, 737 So.2d 509, 514 n. 10 (Fla.1999), this Court stated in a footnote that a defendant asserting ineffective assistance of counsel for failing to call certain witnesses is not required under rule 3.850(c) to allege the names of witnesses, the substance of their testimony, or their availability to testify at trial.[2] This statement was overbroad in respect to the requirement to plead what a witness's testimony would have been and the witness's availability to have testified at trial. A review of our decisions with respect to this issue show that this Court did not intend *583 to overrule the decisions of the First, Third, and Fourth Districts. To the extent that the footnote in Gaskin is inconsistent with this opinion, we recede from it.
In Smith v. State, 445 So.2d 323 (Fla. 1983), this Court held that a defendant asserting an ineffective assistance of counsel claim must specifically allege and establish grounds for relief and establish whether such grounds resulted in prejudice to him or her. To determine whether a defendant has met his or her burden, the court must consider the following.
First, the specific omission or overt act upon which the claim of ineffective assistance of counsel is based must be detailed in the appropriate pleading. Second, the defendant has the burden to show that this specific omission or overt act was a substantial and serious deficiency measurably below that of competent counsel. In making this second determination, the performance of counsel must be judged in light of the totality of the circumstances. Third, the defendant has the burden to show that this deficiency, when considered under the circumstances of this case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings. Fourth, in the event a defendant does show a substantial deficiency and presents a prima facie showing of prejudice, the state still has the opportunity to rebut those assertions by showing beyond a reasonable doubt that there was no prejudice in fact.
Id. at 325 (citation omitted).
Since Smith, which was decided prior to Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), this Court has further held that a defendant alleging an ineffective assistance of counsel claim must set out in his or her motion sufficient alleged facts which, if proven, would establish the two prongs necessary for relief based upon ineffectiveness as outlined in Strickland. See Freeman v. State, 761 So.2d 1055, 1061-62 (Fla.2000). In a rule 3.850 motion, a defendant must therefore assert facts that support his or her claim that counsel's performance was deficient and that the defendant was prejudiced by counsel's deficient performance. Under the circumstances of this case, a defendant would be required to allege what testimony defense counsel could have elicited from witnesses and how defense counsel's failure to call, interview, or present the witnesses who would have so testified prejudiced the case. Reaves v. State, 826 So.2d 932, 940 (Fla.2002); see also Patton v. State, 784 So.2d 380 (Fla.2000) (holding that defendant's motion was insufficiently pled because, among other reasons, the defendant failed to allege that there were persons available to corroborate the allegations made in his motion).
That a witness would have been available to testify at trial is integral to the prejudice allegations. If a witness would not have been available to testify at trial,[3] then the defendant will not be able to establish deficient performance or prejudice from counsel's failure to call, interview, or investigate that witness.
We do not, however, want postconviction relief to be denied simply because of a pleading defect if that pleading defect could be remedied by a good faith amendment to the motion. Therefore, when a defendant fails to allege that a witness *584 would have been available, the defendant should be granted leave to amend the motion within a specified time period. If no amendment is filed within the time allowed, then the denial can be with prejudice.
Accordingly, we approve the reasoning of the opinion of the Fifth District in this case and hold that, as part of the requirement to show that counsel's ineffectiveness prejudiced the defendant's case, a facially sufficient postconviction motion alleging the ineffectiveness of counsel for failing to call certain witnesses must include an assertion that those witnesses would in fact have been available to testify at trial. However, we quash the decision of the district court with respect to its affirming the trial court's order concerning Jerry Hopkins and Russell Harris. The trial court should have permitted Nelson leave to amend for a specified period of time. We thus remand this case to the Fifth District for further proceedings in accord with this decision. We disapprove Odom to the extent that it is inconsistent with this decision.
It is so ordered.
QUINCE, CANTERO, and BELL, JJ., concur.
ANSTEAD, C.J., dissents with an opinion, in which PARIENTE, J., concurs.
LEWIS, J., dissents with an opinion, in which PARIENTE, J., concurs.
ANSTEAD, C.J., dissenting.
I respectfully dissent because I believe the majority has strayed far from the original purpose for the enactment of rule 3.850 as a means to facilitate the filing and processing of habeas corpus claims in postconviction proceedings. The holding of the majority is directly contrary to the letter and spirit of the limited pleading requirements set out in rule 3.850, which have always called for a simple, direct statement of a claim and the factual basis supporting the claim.
These limited pleading requirements recognized the reality that ninety-nine percent of rule 3.850 claims are filed pro se, and represented a policy choice that it was far less costly to the state to provide simple pleading requirements for habeas corpus claims than to provide costly lawyers. Today, we are, in effect, amending rule 3.850 in an ad hoc manner to add very specific and rigid pleading requirements which were never contemplated by the drafters of rule 3.850 or by this Court in adopting the rule.
In effect, we are now suggesting that habeas corpus claims filed under rule 3.850 are like civil causes of action that have "elements." And, presumably, we will identify those elements as we go along. Today's cause of action, for example, is an ineffectiveness of counsel claim predicated upon the failure of counsel to present evidence of innocence in the form of witness testimony. We have now held that availability of the witnesses is an essential element that must be pleaded. Of course, we are recognizing the effect of our ad hoc amendment by also allowing an amendment of the defendant's petition to cover our newly imposed requirement, since the defendant could not have known of this requirement by reading the rule. Presumably we will do the same as we require different "elements" in the future.
I agree with Justice Lewis's observation that the addition of this fourth element elevates form over substance because the witness's availability at trial is presumed when an allegation of counsel's failure to present a witness at trial is made. Therefore, the three requirements outlined by the Second District in Odom should be all *585 that are necessary for a facially sufficient 3.850 motion.
The legal reality is that ineffectiveness claims under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), come in a veritable laundry list of forms that we could never hope to completely categorize. In other words, other than recognizing the standard of Strickland, we could never come close to identifying the proper elements of all ineffectiveness claims. We should avoid this pleading quagmire and stick with the simple pleading requirements of rule 3.850 and Strickland, and the essential values underlying the preservation of the writ of habeas corpus in our Constitution that were considered when the rule was adopted.
The majority's action is no doubt prompted by a genuine concern to alleviate the heavy postconviction caseloads of trial court judges. That concern, however, can just as easily be alleviated by the tried and true practice of trial judges rigorously adhering to the strict requirements of rule 3.850 as it now exists. The overwhelming majority of claims presented, for example, represent issues that should have been raised at trial or on appeal and are easily identified as such and summarily resolved. As to the issue now before us, a close examination of the facts alleged will usually be sufficient to identify whether the claim is fish or fowl. That close examination is a far better alternative than the ad hoc rule amendment we adopt today.
It is also far more practical than the approach we take today of sending cases back for amendments as pleading "defects" are identified by us or other courts under our new system of habeas "causes of action." Indeed, it would appear that we are engrafting the old and much criticized practice in civil litigation of filing motions to dismiss based on technical defects for the purpose of delay. There is enough delay in the system without adding this artificial layer to proceedings, which was never intended to have such formal and rigid pleading requirements. And, finally, it is far more consistent with the traditional purpose of The Great Writ of Habeas Corpus to catch and remedy serious injustices whenever they are called to our attention.
PARIENTE, J., concurs.
LEWIS, J., dissenting.
I respectfully dissent because although I agree that a witness certainly must have been available to testify at trial before the 3.850 motion may have been meritorious, I cannot agree that the motion is facially insufficient because it does not explicitly include the words "was available for trial." Subsumed within the allegation of the failure to present a witness at trial of which counsel was aware is the underlying premise that a witness was available for trial and would have testified if presented. Unquestionably, if a witness was not available, the petitioner will fail to demonstrate the requisite prejudice prong of Strickland. However, mandating that a petition include the four "magic words""was available for trial"most assuredly creates an additional pleading element, not required by the applicable rule.
In my view, the three requirements captured and outlined by the Second District in Odom are all that are minimally necessary for a facially valid motion: "[A] facially sufficient motion alleging ineffective assistance of counsel for failure to call witnesses must set forth (1) the identity of the prospective witness; (2) the substance of the witness's testimony; and (3) an explanation as to how the omission of the testimony prejudiced the outcome." Odom, 770 So.2d at 197. The addition of a fourth element, requiring a party to specifically allege the "magic words" that a party "was available for trial," elevates *586 form over substance, as the underlying component is, of necessity, the premise already included within these three elements. A valid claim of ineffective assistance of counsel requires (1) a demonstration of counsel's deficiency and (2) proof of prejudice to the movant. Failure to include the four "magic words" should not defeat an otherwise valid claim.
The majority's conclusion mandating that a motion include these four magic words"was available for trial"creates an unnecessary technical pleading requirement with which I cannot agree. Therefore, I dissent from the majority opinion, which now establishes the decisional authority that amended pleadings and additional delays will be the preferred method of seeking a just result. I therefore also concur with Chief Justice Anstead to the extent that the inclusion of a specific articulation of specific words concerning witness availability is not required for a pleading to be facially valid. I would accept the sound decision of the Second District in Odom.
PARIENTE, J., concurs.
NOTES
[1] Nelson asserted that counsel should have called the following witnesses: (1) Jerry Hopkins, Nelson's codefendant; (2) Ann Hopkins; (3) Russell Harris; and (4) a blood spatter expert.
[2] Nelson also cites Peede v. State, 748 So.2d 253, 258 (Fla.1999), in support of his argument that a facially sufficient postconviction motion does not require a defendant to allege the availability of witnesses. Peede, however, does not apply to the issue currently before this Court. In Peede, this Court considered whether a defendant must allege names of the witnesses that would be available to testify at the evidentiary hearing. The resolution of that issue is not related to the issue of whether a defendant must allege the availability of witnesses who could have testified at trial if counsel had called them.
[3] There are, of course, numerous reasons that a witness would not have been available, including a witness who had asserted his or her right to remain silent or a witness who could not be located or served with a subpoena.