GRIFFIN, J.
Alan Chamberlain [“Chamberlain”] appeals the summary denial of his rule 3.850 post-conviction motion. The issue presented in the motion as framed by Chamberlain was:
Was counsel ineffective in failure to investigate, depose, and present testimony in lieu of a “sandwich” closing argument? [1]
This ground related to three identified witnesses, only one of whom we believe merits further attention:
The defendant specifically advised his appointed counsel to interview his son, Ryan C., who was present in the house during the alleged battery.
The trial court’s stated reason for summary denial was that Chamberlain had testified at trial, and the jury had found the victim to be more credible. On appeal, the State relies on the fact that Chamberlain’s motion did not specify his son’s whereabouts or allege that his son would have been available to testify at trial, a requirement in this district. See Milton v. State, 872 So.2d 965 (Fla. 5th DCA 2004). This requirement was recently upheld by the Florida Supreme Court in Nelson v. State, 875 So.2d 579 (Fla.2004).
*798 In Nelson, the Florida Supreme Court explained the reason for this requirement:
In a rule 3.850 motion, a defendant must therefore assert facts that support his or her claim that counsel’s performance was deficient and that the defendant was prejudiced by counsel’s deficient performance. Under the circumstances of this case, a defendant would be required to allege what testimony defense counsel could have elicited from witnesses and how defense counsel’s failure to call, interview, or present the witnesses who would have so testified prejudiced the case. Reaves v. State, 826 So.2d 932, 940 (Fla.2002); see also Patton v. State, 784 So.2d 380 (Fla.2000) (holding that defendant’s motion was insufficiently pled because, among other reasons, the defendant failed to allege that there were persons available to corroborate the allegations made in his motion).
That a witness would have been available to testify at trial is integral to the prejudice allegations. If a witness would not have been available to testify at trial, then the defendant will not be able to establish deficient performance or prejudice from counsel’s failure to call, interview, or investigate that witness.
Nelson, 875 So.2d at 583 (footnote omitted).
Chamberlain asserted in his motion that:
The defendant specifically advised his appointed counsel to interview his son, Ryan C., who was present in the house during the alleged battery. Said attorney never did depose Ryan. If he had, then he would have had two very important facts stated: one — there was an argument, but that’s all. The door to the bedroom where the alleged battery took place was open and Ryan could see everything happening. There was no beer episode, nor did Alan Chamberlain ever straddle Kimberly Rudolph. Also, Ryan would have testified that she, Ms. Rudolph, attempted to break a window six times before succeeding on try number seven, thus going towards her state-of-mind. With this single witness, doubt could have been created enough so that the jury would have no choice but give the defendant credit for reasonable doubt as to her version.
These allegations are sufficient to make a prima facie showing of a corroborating witness that is not refuted by the record. Allegations concerning the availability of this witness are, however, missing, as the State has argued. Under Nelson, however, the lack of an allegation that the witness at issue was available is a pleading defect that a post-conviction movant ought to have an opportunity to remedy. We therefore reverse the order of summary denial and remand for the trial court to allow Chamberlain a reasonable time to file an amended and legally sufficient motion. If he does so, the trial court should conduct a hearing on the motion. If the requisite amendment is not made, the denial may be reinstated.
REVERSED and REMANDED.
THOMPSON and MONACO, JJ., concur.

. The trial judge indicated that he was unfamiliar with the term "sandwich” as it relates to closing argument. As explained by Judge Cope in his opinion concurring in part and dissenting in part in Smith v. State, 730 So.2d 849, 849 (Fla. 3d DCA 1999): a "sandwich” opening and closing argument refers to Florida Rule of Criminal Procedure 3.250, which states: "a defendant offering no testimony in his or her own behalf, except the defendant's own, shall be entitled to the concluding argument before the jury.” See Van Poyck v. State, 694 So.2d 686, 697 (Fla.1997) (defense counsel clearly had tactical reasons for limiting his presentation of evidence, it was "important to save the sandwich,” i.e., "for the defense to argue first and last if there’s no evidence offered aside from the testimony of the defendant”).