882 So.2d 1054 (2004)
Lolita BARTHEL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1625.
District Court of Appeal of Florida, Second District.
August 25, 2004.
James Marion Moorman, Public Defender, and Julius J. Aulisio, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Lolita Barthel appeals a final order denying her postconviction motion for relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Asserting twenty grounds for relief, the motion was summarily denied in part and finally denied after an evidentiary hearing. We affirm without comment the trial court's denial of Barthel's postconviction motion in all respects except for the summary denial of ground sixteen, which must be reversed and remanded in light of a change in controlling precedent during pendency of this appeal.
In ground sixteen, Barthel alleged that her trial counsel provided ineffective assistance because he did not call a potential alibi witness to testify at Barthel's trial. In our original opinion, we reversed the postconviction court because it applied an incorrect formulation of the law to determine if Barthel presented a facially sufficient claim for relief. In doing so, we relied on our prior opinions in Neal v. State, 854 So.2d 666, 669 (Fla. 2d DCA 2003), Odom v. State, 770 So.2d 195, 197 (Fla. 2d DCA 2000), and Prieto v. State, 573 So.2d 398, 399-400 (Fla. 2d DCA 1991).
After our original opinion issued but before issuance of the mandate pending the State's motion for rehearing, our supreme court's decision in Nelson v. State, 875 So.2d 579 (Fla.2004), issued and became final. The Nelson court disapproved *1055 Odom and held that in order to allege an ineffective assistance of counsel claim for failing to call a witness, the movant must set forth four requirements: (1) the identity of the prospective witness; (2) the substance of the witness's testimony; (3) an explanation as to how the omission of this evidence prejudiced the outcome of the trial; and (4) an assertion that the witness was available to testify. Id. at 582-83. Obviously, without the benefit of Nelson, the trial court did not apply this formulation of the law to analyze Barthel's claim.
Because this appeal was in the "pipeline" at the time Nelson became final, Barthel is entitled to the benefit of the controlling law in Nelson in effect at the time of appeal. See Reed v. State, 565 So.2d 708, 709 (Fla. 5th DCA 1990) (observing that the principle that the law in effect at the time of appeal should be applied extends to the pendency of motions for rehearing before issuance of the mandate); see also Winfield v. State, 503 So.2d 333, 334 (Fla. 2d DCA 1986). Accordingly, we reverse the summary denial of ground sixteen and remand for further proceedings consistent with Nelson, including granting Barthel leave to amend ground sixteen within a specified time. See Nelson, 875 So.2d at 583-84. If Barthel's claim is facially insufficient or if the motion, files, and records in the case conclusively show that she is entitled to no relief, the claim may be summarily denied. Fla. R.Crim. P. 3.850(d).
We commend the State for promptly informing us of controlling precedent.
Reversed and remanded.
CASANUEVA and COVINGTON, JJ., Concur.