889 So.2d 900 (2004)
Lawrence Tracy SPOONER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-3049.
District Court of Appeal of Florida, First District.
December 3, 2004.
*901 Ross A. Keene of Beroset & Keene, Pensacola, for Appellant.
Charles J. Crist, Jr., Attorney General, and Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, J.
The appellant challenges an order by which his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief was denied. Concluding that the trial court should have afforded the appellant an opportunity to amend some of his claims before denying those claims with prejudice, we reverse the trial court's summary denial of the claims. But we affirm the trial court's denial of the remaining claims.
The appellant was charged with, and ultimately convicted of, homicide and robbery with a deadly weapon in connection with the death of an employee at a used car dealership in Escambia County. The state's theory at trial was that the appellant murdered the victim in order to acquire a vehicle. The appellant admitted killing the man, but claimed that he was acting in self defense at the time. In ground two of his motion, the appellant alleged that his trial counsel provided ineffective assistance by failing to investigate and interview numerous witnesses who would have provided trial testimony favorable to his defense. The trial court summarily denied these claims because the appellant failed to allege the identity of some of these witnesses and failed to allege that any of them would have been available to testify.
Although the trial court correctly concluded that identity and availability to testify are necessary allegations in a facially sufficient claim of ineffective assistance of counsel for failure to investigate, interview, or call witnesses, the supreme court's recent decision in Nelson v. State, 875 So.2d 579 (Fla.2004), which was issued while the present appeal was pending, requires a partial reversal in the present case. In Nelson, the supreme court agreed that the defendant failed to state, in his collateral motion filed pursuant to Rule 3.850, a facially sufficient claim of ineffective assistance of counsel for failure to call certain witnesses because he did not allege that those witnesses would have been available to testify at trial. Nonetheless, the court reversed and remanded for further proceedings, concluding that "when a defendant fails to allege that a witness would have been available, the defendant should be granted leave to amend the motion within a specified time period. If no amendment is filed within the time allowed, then the denial can be with prejudice."
We conclude that the relief granted in Nelson logically applies to the failure to allege identity of witnesses as well as their *902 availability to testify, and thus reverse and remand for the trial court to allow the appellant leave to amend his motion within a specific period of time as it relates to his claims of ineffective assistance of counsel for failure to interview and investigate certain witnesses. We limit our reversal, however, to only those witnesses referenced in the motion who allegedly would have testified that the victim in this case was terminated from prior car dealerships for being rude and aggressive to customers, and those who allegedly would have testified that the appellant was shopping for cars on the day of the underlying offense. The order is otherwise affirmed.
VAN NORTWICK and BROWNING, JJ., concur.