KELLY, Judge.
Derrick Collins appeals the summary denial of his motion alleging ineffective assistance of counsel pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part, and remand with directions.
Collins’ postconviction relief motion alleges four ineffective assistance claims and one illegal sentence claim. We affirm as to all claims except one. Collins alleges that his trial counsel was ineffective for failing to subpoena a dentist at “Bradenton Gold,” a dentist at the Department of Corrections (DOC) where he was previously incarcerated, and Collins’ dental records at both locations. Collins’ motion alleges that mistaken identity was a critical part of his defense and that his twelve gold teeth were critical to establishing that defense. Both victims testified that one of the perpetrators had a single gold-framed tooth. At the time of trial, Collins had six upper and six lower gold teeth. Collins’ defense was that he could not be the perpetrator because he had a mouth full of gold teeth, none of which were framed, but rather were solid, permanent, and cemented prior to the occurrence of the crime. Apparently because of this claim, the State brought in a witness to testify that Collins had more gold teeth cemented after the criminal event. Collins’ motion asserts that the dentists and his dental records would demonstrate that he had the twelve gold teeth cemented before the criminal event and that counsel’s failure to present the two dentists’ testimony and his dental records prejudiced his ability to present his defense.
The failure to call a witness can constitute ineffective assistance of counsel if the witness may have been able to cast doubt on the defendant’s guilt and the defendant alleges in his motion the prospective witness’s identity, the substance of the witness’s testimony, the availability of the witness to testify, and an explanation as to how the omission of the testimony prejudiced the outcome of the trial. Nelson v. State, 875 So.2d 579, 582-84 (Fla.2004)(clarifying the four requirements for stating a facially sufficient ineffective assistance of counsel claim for failure to call a witness); Marrow v. State, 715 So.2d 1075, 1075 (Fla. 1st DCA 1998); Honors v. State, 752 So.2d 1234, 1235-36 (Fla. 2d DCA 2000). But for his failure to allege that the two dentists were available, Collins motion is facially sufficient.
The omission of the statement that the witnesses were available to testify is not, however, a fatal defect. “[W]hen a defendant fails to allege that a witness would have been available, the defendant should be granted leave to amend the motion' within a specified time period.” Nelson, 875 So.2d at 583-84. Accordingly, the trial court’s denial of Collins’ claim cannot be affirmed on this basis. Nor can we conclusively determine from the portions of the record attached to the trial court’s denial order that he is not entitled to relief. Therefore, we reverse that portion of the order summarily denying Collins’ claim that trial counsel was ineffective for failing to subpoena the dentists and Collins’ records.
On remand, the trial court should grant Collins thirty days to amend his motion to allege the availability of the dentists at “Bradenton Gold” and the DOC. See id. “If no amendment is filed within the time allowed, then the denial can be with prejudice.” Id. at 584. If Collins’ timely amends his motion, the trial court should then either hold an evidentiary hearing on whether Collins’ trial counsel was ineffective for failing to subpoena the dentists and Collins’ dental records or attach those *1004 portions of the record that show conclusively that he is not entitled to relief.
Affirmed in part, reversed in part, and remanded with directions.
NORTHCUTT and CASANUEVA, JJ„ Concur.