PER CURIAM.
Nathaniel Brazill (Defendant) appeals an order summarily denying, as untimely, his motion for post-conviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We reverse and remand.
This court affirmed Defendant’s direct appeal by written opinion. Brazill v. State, 845 So.2d 282 (Fla. 4th DCA 2003), rev. denied, 876 So.2d 561 (Fla.2004). This court’s mandate issued on May 30, 2003, but on June 12, 2003, Defendant filed a timely notice of intent to invoke discretionary jurisdiction of the Florida Supreme Court to review this court’s decision, which the Florida Supreme Court denied by order dated May 21, 2004. Brazill v. State, 876 So.2d 561 (Fla.2004).
The trial court summarily denied as untimely Defendant’s rule 3.850 motion, filed on May 11, 2006, because it was filed more *273 than two years after May 30, 2003. However, Defendant had two years from May 21, 2004, in which to file a timely motion for post-conviction relief. Gaskin v. State, 737 So.2d 509 (Fla.1999) (holding that if a defendant petitions the supreme court for review of his direct appeal, the time for filing a motion for post-conviction relief begins to run when the petition has been determined), receded from on other grounds by Nelson v. State, 875 So.2d 579 (Fla.2004).
Accordingly, we reverse and remand for further proceedings.
KLEIN, TAYLOR and HAZOURI, JJ., concur.