PER CURIAM.
We affirm the denial of appellant’s motion for postconviction relief from his conviction for burglary with a battery. The charge arose from an incident in which the appellant grabbed his wife, from whom he was separated, and choked her to unconsciousness. He claims that the trial court erred in refusing to grant him leave to amend his motion. In his initial motion, he alleged ineffective assistance of counsel for failure to call witnesses who could provide evidence which would tend to prove that he had consent to be on the premises at the time of the incident. He failed to allege the availability of the witnesses and requested leave to amend, pursuant to Nelson v. State, 875 So.2d 579 (Fla.2004). The trial court denied the motion, concluding that availability did not cure the other legal insufficiency of the motion. In particular, the trial court noted that under section 810.015, Florida Statutes (2002), even if appellant had consent for the initial entry, such consent was withdrawn once he committed the act of battery. Therefore, appellant has not shown that he was prejudiced by the absence of these witnesses. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
WARNER, SHAHOOD and MAY, JJ„ concur.