PER CURIAM.
Appellant appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he challenges his conviction for aggravated battery causing great bodily harm. We affirm the denial of all but one of Appellant’s claims without further discussion.
In his fourth ground for relief, Appellant asserts that counsel was ineffective for failing to investigate two witnesses prior to his bench trial. In order to allege a facially sufficient claim of ineffective assistance of counsel for failing to call or interview a witness, Appellant must state: (1) the identity of the witness; (2) the substance of the witness’s testimony; (3) an explanation of how the omission of this testimony prejudiced the outcome of the case; and (4) that the witness was available to testify at trial. Nelson v. State, 875 So.2d 579, 583-84 (Fla.2004). Appellant stated the names of the witnesses and their potential testimony, which allegedly would have been that the victim in the case sustained her injuries prior to the altercation with Appellant. Further, Appellant contends that if the testimony had been presented, the trial court could have reasoned that he was only guilty of battery, as opposed to guilty of aggravated battery. Appellant has stated a,facially sufficient claim for relief,[1] with the exception that he has failed to allege that the witnesses were available to testify. When a defendant fails to allege that a witness would have been available to testify, he should be granted leave to amend the motion within a specified time period. Nelson, 875 So.2d at 583-84.
On remand, the trial court shall grant Appellant a reasonable period of time to file an amended motion. If Appellant fails to file an amended motion within this time period, then the denial may be with prejudice. If an amended motion is filed, the trial court shall either hold an evidentiary hearing or attach additional record evidence conclusively refuting Appellant’s claim.
*79 AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN, HAWKES and THOMAS, JJ., concur.

. Nothing in either the trial court's order or the attachments to it conclusively refutes this claim. The trial court attached portions of the victim's medical records with notes describing how, according to the victim, the injuries occurred. These documents are insufficient to refute Appellant’s claim that counsel should have called two witnesses who would have testified to a different version of events. The documents only demonstrate that the victim sustained injuries; they do not prove how or when those injuries were sustained.