974 So.2d 1202 (2008)
Bruce SHELTON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-65.
District Court of Appeal of Florida, Fifth District.
February 22, 2008.
Bruce Shelton, Century, pro se.
No Appearance for Appellee.
PER CURIAM.
Bruce Shelton, appearing pro se, appeals the trial court's order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The motion raised four separate claims. We affirm the summary denial of Shelton's claims one, two and four, without further comment. We reverse the denial as to Shelton's claim three, with directions that Shelton be afforded an opportunity to amend his motion.
On March 9, 2006, Shelton was convicted by a jury of sexual battery while armed, armed kidnapping, armed burglary of a dwelling and violation of a domestic violence injunction. The trial court sentenced Shelton to thirty-five years in the Department of Corrections. The convictions and sentences were affirmed on appeal. Shelton v. State, 950 So.2d 433 (Fla. 5th DCA 2007).
In claim three of his 3.850 motion, Shelton alleges that his counsel was ineffective for failing to call witnesses who were available and willing to testify in his defense at trial. Because Shelton's motion fails to identify the purported witnesses, the trial court correctly found the motion to be facially insufficient. See generally, *1203 Nelson v. State, 875 So.2d 579 (Fla.2004). However, the Florida Supreme Court has recently ruled that a defendant who files a legally insufficient rule 3.850 motion should be given at least one opportunity to correct the deficiency, unless it is apparent that the defect cannot be corrected. See Spera v. State, 971 So.2d 754 (Fla.2007), rehearing denied, No. SC06-1304 (Fla. Dec. 26, 2007). The trial court denied Shelton's motion shortly after Spera was issued. Therefore, Spera applies. See Smith v. State, 598 So.2d 1063, 1066 (Fla. 1992).
Accordingly, we affirm the trial court's denial of Shelton's claims one, two and four, and reverse its denial of claim three. We remand for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
SAWAYA, LAWSON and EVANDER, JJ., concur.