[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15696
Non-Argument Calendar

_____

D. C. Docket No. 07-61422-CV-WPD

PETER GIDEON,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 10, 2008)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Peter Gideon, a Florida state prisoner proceeding <u>pro se</u>, appeals the district

court's denial of his habeas corpus petition regarding his conviction for possession of a firearm by a convicted felon. He argues that his counsel was ineffective for failing to call an exculpatory witness. He also contends that the state court decision denying him relief involved an unreasonable application of federal law.

Specifically, Gideon argues that his counsel knew that Boniface Choete was a relevant witness and listed him on the witness list but failed to subpoena him to testify. He argues that the failure to call Choete to testify resulted in an unfair trial as Choete's testimony would have established Gideon had no knowledge of the guns police found in his truck.

We review the district court's denial of a 28 U.S.C. § 2254 petition de novo but we are "highly deferential" to the state court's decision. Davis v. Jones, 506 F.3d 1325, 1331 (11th Cir. 2007). Pursuant to § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), federal courts may only grant habeas relief on claims previously adjudicated in state court if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

In this case, the state court ruled that Gideon's ineffective assistance of counsel argument failed as he did not allege that Choete was available to testify, and did not identify what testimony he would provide.  See  Nelson v. State, 875 So.2d 579, 583 (Fla. 2004), (a defendant must identify the testimony that would have been provided, and allege that the witness was available to testify in order to establish prejudice under Strickland v. Washington 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).)

The district court subsequently denied Gideon's federal petition here noting that Gideon had failed to explain how Choete would be able to testify that Gideon had no knowledge of the guns, and that although  Choete's testimony may have been relevant to impeach the testimony of the arresting officer, it would not have affected Gideon's constructive possession of the firearm.

We find no error.  The state court denied Gideon's claim on its merits and applied the correct legal rule, thus, the decision was not "contrary to" federal law. The holding that Gideon could not show prejudice because he did not allege that Choete was available to testify, was a reasonable application of federal law to the facts of the case.  As such, we defer to the state trial court's decision under § 2254(d).  Accordingly, the district court did not err in denying Gideon's petition.

**AFFIRMED.**

3