994 So.2d 383 (2008)
Steven FLANDERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-1327.
District Court of Appeal of Florida, Third District.
October 15, 2008.
Steven Flanders, in proper person.
Bill McCollum, Attorney General, for appellee.
Before GERSTEN, C.J., ROTHENBERG, J., and SCHWARTZ, Senior Judge.
*384 PER CURIAM.
Steven Flanders (Flanders) appeals the trial courts summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We find merit in ground one of Flanders motion, and, therefore, affirm in part, reverse in part, and remand for further proceedings.
In ground one, Flanders argues he received ineffective assistance of counsel because defense counsel, among other things, failed to call an alibi witness. To assert a facially sufficient claim of ineffective assistance of counsel for failure to call a witness, the defendant must (1) identify the prospective witness, (2) describe the substance of the witness testimony, (3) state that the witness was available to testify, and (4) describe the prejudice resulting from omitting the witness testimony. See Nelson v. State, 875 So.2d 579 (Fla.2004).
Here, Flanders motion fails to make the necessary allegations. Thus, the trial court correctly determined the motion to be facially insufficient. However, because this is Flanders first motion for postconviction relief, the trial court should have given Flanders an opportunity to amend his motion to cure the pleading defect. See Spera v. State, 971 So.2d 754 (Fla. 2007).
Accordingly, we reverse the trial courts order summarily denying Flanders relief as to ground one. On remand, the trial court should allow Flanders a reasonable time to file an amended and legally sufficient motion. If Flanders does not file an amended motion, the denial may be reinstated. If Flanders cures the defects on an amended motion, the trial court should either hold an evidentiary hearing on whether trial counsel was ineffective for failing to call the alibi witness or attach to any subsequent order summarily denying relief those portions of the record conclusively refuting his claim.
We affirm as to grounds two and three. See Parker v. State, 611 So.2d 1224, 1226 (Fla.1992).
Reversed in part, affirmed in part, and remanded with instructions.