PER CURIAM.
Julio Muniz appeals the order summarily denying his motion for postconviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. Muniz raised multiple claims in his rule 3.850 motion and supplemental motions. We reverse the order denying relief as to two of the grounds, but affirm the summary denial as to all other grounds.
In ground six, Muniz alleged that counsel was ineffective during voir dire for failing to challenge juror Brian Serrage for cause, where Serrage expressed his bias on the record and counsel failed to ensure that Serrage could lay aside that bias to render his verdict solely on the evidence at trial and the court’s instructions. Serrage indicated that a police officer’s testimony was more reliable than that of other witnesses and that the defense would have to prove that a police officer’s testimony was unreliable. Although the standard of review as to a juror’s fitness is more restrictive in a rule 3.850 proceeding than on direct appeal, see Carratelli v. State, 961 *1142 So.2d 312 (Fla.2007),[1] the circuit court’s attachments to the order denying relief did not conclusively refute Muniz’s claim that counsel was ineffective for not attempting to rehabilitate Serrage’s prejudicial views and for not seeking to remove him from the panel, which resulted in a biased juror serving on the jury. We, therefore, reverse the denial of relief as to ground six and remand to the circuit court for further consideration of this ground.
In ground twelve, Muniz asserted that counsel was ineffective for not providing an interpreter before and during trial. The circuit court denied this claim as untimely filed. The mandate in Muniz’s direct appeal issued on October 6, 2006. Muniz, therefore, had until October 6, 2008, to raise his postconviction claim in a timely manner. See Fla. R.Crim. P. 3.850(b). The supplement containing ground twelve was served on August 19, 2008, and filed in the trial court on August 25, 2008. If new grounds are raised in a supplement to a rule 3.850 motion that is filed within the rule’s two-year limitation period and before the trial court has issued a final order, the new grounds are not untimely or successive. See Gaskin v. State, 737 So.2d 509 (Fla.1999), receded from on other grounds, Nelson v. State, 875 So.2d 579 (Fla.2004). We reverse the denial of relief as to ground twelve and remand to the circuit court for consideration of this ground on the merits.
AFFIRMED in part, REVERSED in part; REMANDED.
SAWAYA, ORFINGER and EVANDER, JJ., concur.

. To satisfy the prejudice prong of the ineffective assistance of counsel standard, a defendant must demonstrate that the juror in question was biased, and the bias must be plain on the record. Carratelli, 961 So.2d at 324.