DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AARON MOHANLAL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1835

[April 8, 2015]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. 04-20405CF10A.

Aaron Mohanlal, Jasper, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Aaron Mohanlal appeals an order summarily denying his rule 3.850 motion for postconviction relief. We reverse the summary denial of the second and eighth grounds and part of the ninth ground, and otherwise affirm.

Mohanlal, a teacher, was charged with thirteen counts arising from a sexual relationship he allegedly had with one of his students. Following a lengthy jury trial, Mohanlal was found guilty as charged. The sole evidence supporting most of the offenses consisted of the victim's uncorroborated testimony. The authorities became involved only after the victim found a flyer accusing him of molesting pets. Several of his friends and other students testified to procuring the photo for Mohanlal, watching Mohanlal create the flyer, and helping him distribute copies of it. The state argued Mohanlal prepared the flyers in order to get back at the victim for refusing to continue their sexual relationship.

Mohanlal did not testify. The defense lost the then-available "sandwich" in closing argument by presenting one witness, the officer who

took the victim's initial statement.[1]  This officer was called for the purpose of telling the jury that the victim initially did not mention Mohanlal's involvement.

The second and eighth grounds of the postconviction motion are related.  In his second ground, Mohanlal claimed he was entitled to a new trial due to the ineffective assistance of his two trial attorneys in failing to investigate and present exculpatory evidence and alibi witnesses at his trial.  He described the evidence and named the witnesses, alleged they were available to testify at trial, and described what each witness would have said.  Each witness or piece of evidence would have contradicted portions of the victim's uncorroborated testimony.  The eighth ground claimed his defense attorneys were ineffective both in abandoning their original "sandwich" trial strategy and in calling only the one officer, rather than also calling the named alibi witnesses and presenting the other evidence that could have supported Mohanlal's claim of actual innocence.  On this record, we find these claims were sufficient and were not refuted by portions of the record that were attached to the order of denial.

In his ninth ground, Mohanlal claimed ineffective assistance of counsel in making concessions during closing argument by admitting his involvement in making the flyers and acknowledging that he and the victim might have had a phone sex relationship.  Mohanlal maintains that he consistently told his attorneys he neither created the flyers nor had an inappropriate sexual relationship with the victim.  Mohanlal did not give the attorneys permission to admit he was guilty of any charges.  He argued

---

[1]As explained in *Chamberlain v. State*, 880 So. 2d 796, 797 n.1 (Fla. 5th DCA 2004):

> [A] "sandwich" opening and closing argument refers to Florida Rule of Criminal Procedure 3.250, which states: "a defendant offering no testimony in his or her own behalf, except the defendant's own, shall be entitled to the concluding argument before the jury." *See Van Poyck v. State*, 694 So. 2d 686, 697 (Fla. 1997) (defense counsel clearly had tactical reasons for limiting his presentation of evidence, it was "important to save the sandwich," *i.e.*, "for the defense to argue first and last if there's no evidence offered aside from the testimony of the defendant").

*Id.*  Effective May 3, 2007, rule 3.250 no longer refers to closing arguments, and rule 3.381 now provides that the state always has the opening and rebuttal closing argument.  *See In re Amendments to the Fla. Rules of Criminal Procedure-Final Arguments*, 957 So. 2d 1164 (Fla. 2007).

that by admitting the possibility of phone sex, the jury might have been led to believe other types of misconduct occurred, as the prosecutor emphasized the concession in rebuttal closing argument.

A postconviction motion may be denied without a hearing when counsel concedes a defendant's guilt to lesser offenses, even without the defendant's consent, if the record shows this was a reasonable tactical decision of counsel in the face of overwhelming inculpatory evidence. *See, e.g., Florida v. Nixon*, 543 U.S. 175, 190-92 (2004); *Harris v. State*, 768 So. 2d 1179, 1182-83 (Fla. 4th DCA 2000). The record contains overwhelming evidence, from a number of witnesses, of Mohanlal's involvement in the creation and distribution of the flyers.

The state's argument and the record attachments provided an explanation for why the defense would have admitted Mohanlal's involvement with the flyers. For example, in closing argument, defense counsel distinguished how Mohanlal dodged questions about the flyers in his police statement, but clearly denied all the sexual allegations, emphasizing that his limited involvement with the flyers did not mean he engaged in sexual acts with the victim. In fact, the defense argued, had he engaged in the alleged sex acts, that would have furnished a strong reason for him not to be involved in the flyers, which could bring the sexual activity to light.

But on this record, the claim of ineffective assistance for acknowledging Mohanlal and the victim might have had a phone sex relationship was not refuted. The summary record does not show any reasonable tactical reason for admitting to the phone sex, and the state never mentions it in its response to ground nine of the motion for postconviction relief. Accordingly, we reverse the summary denial of that portion of ground nine, along with grounds two and eight, and remand to the trial court for further proceedings on these grounds.

*Affirmed in part, Reversed in part, and Remanded.*

WARNER, MAY and FORST, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**