DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JONATHAN GALLO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-3424

[May 13, 2015]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Raag Singhal, Judge; L.T. Case No. 07-1793CF10A.

Deana K. Marshall of Law Office of Deana K. Marshall, P.A., Riverview, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Jonathan Gallo appeals the summary denial of his rule 3.850 motion in which he asserted seven grounds for post-conviction relief. We affirm without discussion the trial court's summary denial except as to ground number five. In that ground, Gallo claimed ineffective assistance of trial counsel for failure to investigate and call five named witnesses regarding the victim's reputation for violence. Gallo alleged that the testimony of these witnesses would have supported his claim of self-defense as the victim was the aggressor.

In *Antoine v. State*, 138 So. 3d 1064 (Fla. 4th DCA 2014), this Court held that the reputation of the victim for violence is admissible when a defendant is asserting self-defense, to demonstrate that the victim was the aggressor and not the defendant. This evidence is admissible regardless of the defendant's knowledge of that reputation. *Id.* at 1074. However, to admit reputation evidence under section 90.405(1), Florida Statutes, a witness must establish "that the community from which the reputation testimony is drawn is sufficiently broad to provide the witness with adequate knowledge to give a reliable assessment." *Larzelere v. State*, 676 So. 2d 394, 399 (Fla. 1996). "[R]eputation evidence 'must be based on discussions among a broad group of people so that it accurately

reflects the person's character, rather than the biased opinions or comments of … a narrow segment of the community.'" *Id.* at 400 (citation omitted). Moreover, reputation testimony must be based on more than "mere personal opinion, fleeting encounters, or rumor." *Rogers v. State*, 511 So. 2d 526, 530 (Fla. 1987); *see also Rigterink v. State*, 66 So. 3d 866, 895 (Fla. 2011) (holding that a witness' testimony presented in terms of his "own opinion and generalized personal experiences" was not a proper way to establish reputation evidence in Florida); *Simon v. State*, 38 So. 3d 793, 795 (Fla. 4th DCA 2010) (setting forth the predicate that must be laid to admit testimony of a victim's reputation for violence), quashed on other grounds, 40 Fla. L. Weekly S13 (Fla. Jan. 7, 2015).

Gallo's claim on this ground in his rule 3.850 motion was legally insufficient because he did not specify what these five individual witnesses would have testified. *Nelson v. State*, 875 So. 2d 579, 583 (Fla. 2004). However, the trial court abused its discretion in summarily denying this claim without providing at least one opportunity to amend under *Spera v. State*, 971 So. 2d 754, 761 (Fla. 2007).

We disagree with the State's argument that no prejudice resulted because other evidence of the victim's alleged propensity for violence was presented. Testimony by the victim's sister that the victim previously had been hospitalized for brain injury relating to an altercation did not necessarily constitute evidence of the victim's reputation for violence.

Therefore, we reverse and remand with directions to the trial court to allow Gallo an opportunity to amend ground five. *See* Fla. R. Crim. P. 3.850(f)(2). To state a sufficient claim, Gallo must: (1) identify the witnesses; (2) allege that they were available to testify; (3) explain the testimony that could have been elicited from the witnesses; and (4) explain how the failure to call the witnesses prejudiced the case. *See Nelson*, 875 So. 2d at 583. If an amended ground five is not timely filed, or if the amended claim is still insufficient, the trial court has discretion to summarily deny the claim with prejudice. *See id.* at 583-84.

*Affirmed in part, reversed and remanded in part.*

DAMOORGIAN, C.J., WARNER and FORST, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**