NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| RONALD EDWARD MARTIN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D17-3503 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed November 28, 2018.

Appeal from the Circuit Court for Polk
County; Mark F. Carpanini, Judge.

Howard L. Dimmig, II, Public Defender, and
Megan Olson, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Helene S. Parnes,
Assistant Attorney General, Tampa, for
Appellee.


VILLANTI, Judge.


Ronald Edward Martin appeals the summary denial of claim two of his

motion for postconviction relief, contending that the claim was facially sufficient and not

conclusively refuted by the record attachments to the postconviction court's order.[1]  This claim has merit and requires us to reverse and remand for further proceedings.

The record shows that police responded to Martin's house based on an anonymous tip that methamphetamine was being sold out of the house.  When the police arrived, there were five adults in the house, including Martin, Shannon Hoben, Genevieve Wallace, Reagan Stamper, and Charles Castillo.  Upon seeing the police, Hoben locked herself in the master bathroom.  Martin consented to a search of the home, which started while the police were obtaining a warrant.  Hoben finally left the master bathroom once the warrant was obtained, and the police subsequently found twenty-six grams of methamphetamine in a clear plastic baggie inside of a black zippered case that was hidden under trash in the master bathroom trash can.  Martin was charged with trafficking in methamphetamine based on his alleged possession of the drugs found in the trash can.

At trial, Martin's defense was that he did not know about the drugs in the trash can and that they belonged to one of the other occupants of the house.  To that end, he called Castillo as a defense witness.  Castillo testified that Hoben went into the master bathroom when the police arrived.  He also testified that Wallace had gone into the master bedroom to retrieve her laptop and that Wallace regularly used the master bathroom rather than the hall bathroom.  But Castillo did not testify to the ownership of the drugs found in the trash can.  Martin was subsequently convicted as charged.

---

[1]Martin did not seek review of the trial court's ruling on claim one of his motion, which was denied after an evidentiary hearing.

In his timely motion for postconviction relief, Martin alleged that trial counsel provided ineffective assistance by failing to investigate and call Hoben as a witness in addition to Castillo. He alleged that Hoben would have testified that the drugs in the master bathroom trash can belonged to Stamper and that Martin had no knowledge of the drugs. He alleged that Hoben was available to testify and that she would have testified on his behalf because the charges against her arising from the incident had been resolved before Martin was tried. Martin also attached an affidavit from Hoben in which she alleged that she was at the courthouse on the day of Martin's trial and that she was available and willing to testify for Martin.

The postconviction court summarily denied relief on this claim on the basis that the testimony Hoben would have given was cumulative of that given by Castillo and that trial counsel is not ineffective for failing to present cumulative evidence. Martin now appeals, contending that he was entitled to an evidentiary hearing on this claim.

The supreme court has "held that counsel does not render ineffective assistance by failing to present cumulative evidence." Diaz v. State, 132 So. 3d 93, 109 (Fla. 2013) (quoting Farina v. State, 937 So. 2d 612, 624 (Fla. 2006)); see also Kilgore v. State, 55 So. 3d 487, 504 (Fla. 2010) (same); Solorzano v. State, 25 So. 3d 19, 26 (Fla. 2d DCA 2009) (same). Therefore, if Hoben's testimony was, in fact, cumulative of that given by Castillo, trial counsel would not have provided ineffective assistance by failing to call her to testify.

Here, however, a review of the portions of the transcript attached to the postconviction court's order shows that Castillo's testimony was not cumulative of Hoben's anticipated testimony. Castillo testified only that Hoben and Wallace had both

been in the master bathroom on the day in question. He did not testify as to who owned the drugs that were found in the master bathroom trash can. Martin alleged that Hoben would have testified to the ownership of those drugs; specifically that the drugs in question belonged to Stamper rather than Martin and that Martin did not know about them. While a portion of Hoben's anticipated testimony might have been cumulative to that given by Castillo, other portions were noncumulative and helpful to Martin's defense. Hence, the attachments to the postconviction court's order do not conclusively refute Martin's allegations, and its decision to summarily deny relief on this basis was improper. See, e.g., Green v. State, 827 So. 2d 1060, 1061 (Fla. 2d DCA 2002) (reversing summary denial and remanding for further proceedings when the attachments to the postconviction court's order did not show that the proffered testimony would have been cumulative); Odom v. State, 770 So. 2d 195, 197 (Fla. 2d DCA 2000) (same), disapproved on other grounds by Nelson v. State, 875 So. 2d 579 (Fla. 2004).

Accordingly, we must reverse and remand for further proceedings on claim two of Martin's motion. On remand, the postconviction court must either attach portions of the trial transcript that conclusively establish that Hoben's testimony would have been cumulative or hold an evidentiary hearing on this claim.

Reversed and remanded for further proceedings.


SILBERMAN and ROTHSTEIN-YOUAKIM, JJ., Concur.