PER CURIAM.
Amanda Brumfield appeals the summary denial of her motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court's order without discussion, except as to a portion of claim two.
In claim two, Brumfield alleged, in part, that trial counsel was ineffective for failing to call Dr. Chris Van Ee, a biomechanical engineer, and Dr. Mark Shuman, a forensic pathologist and associate medical examiner. To assert a facially sufficient claim of ineffective assistance of counsel for failure to call a witness, the defendant must: (1) identify the prospective witness, (2) describe the substance of the witness's testimony, (3) state the witness was available to testify, and (4) describe the prejudice resulting from omitting the witness's testimony. See Nelson v. State, 875 So.2d 579, 582-83 (Fla. 2004). Here, Brumfield adequately pled her claim as to Dr. Van Ee and Dr. Shuman, and the records attached to the trial court's order do not conclusively refute Brumfield's allegations.
Brumfield further alleged in claim two that two additional unidentified pathologists performed a preliminary review of the autopsy slides. As Brumfield's counsel properly concedes, the claim as to these two unidentified pathologists, as filed, was facially insufficient under Nelson. The trial court should have granted Brumfield an opportunity to amend. See id. at 583-84.
Accordingly, we reverse the summary denial of that portion of claim two concerning the failure to call Dr. Van Ee, Dr. Shuman, and the two unidentified pathologists. We remand for attachment of records or an evidentiary hearing regarding *987 the failure to call those witnesses, after Brumfield has had an opportunity to amend her motion, if she can do so in good faith. As to all other claims, we affirm.
AFFIRMED in part; REVERSED in part; and REMANDED.
ORFINGER, TORPY and HARRIS, JJ., concur.