766 So.2d 310 (2000)
Strontravez NASH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-0073.
District Court of Appeal of Florida, Fourth District.
March 1, 2000.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert R. Wheeler, Assistant Attorney General, West Palm Beach, for appellee.
OWEN, WILLIAM C., Jr., Senior Judge.
Appellant, convicted of both robbery (Count I) and burglary of a vehicle with battery (Count II), was sentenced to concurrent terms of 30 years and life, respectively, as a habitual felony offender and as a prison releasee reoffender. We affirm the judgment and the sentences, but with direction to correct a clerical error as to the judgment on Count I.
The victim, while standing near her disabled vehicle on the side of the road awaiting the arrival of assistance, was approached by appellant who demanded she give him her purse. She refused and got back into the driver's seat of her vehicle, clutching the purse firmly by its handles.
Appellant then reached into the victim's vehicle, took hold of the purse with the victim still clutching it, and the two struggled for its possession. Appellant was able to pull the purse from the victim's grasp, but only by exerting force sufficient to cause the purse to separate from its handles which remained firmly in the victim's grasp. Appellant contends that the court erred in denying his motion for judgment of acquittal of aggravated battery because, he says, this evidence was legally insufficient to support a finding of a battery upon the victim.
Battery is the actual and intentional touching of another person against that person's will, § 784.03(1)(a), Fla. Stat. (1997), but the word "person" in the statute includes an object that has such an intimate connection with the person as to be regarded as a part or extension of the person, such as clothing or an object held by the person. Malczewski v. State, 444 So.2d 1096, 1099 (Fla. 2d DCA 1984). Because the recited evidence would support the reasonable inference that appellant intentionally touched the victim's closely held purse against her will, the court properly denied appellant's motion for judgment of acquittal.
*311 Appellant also contends, as he did at sentencing, that the Act creating enhanced punishment for a prison releasee reoffender under section 775.082(8), Florida Statutes (1997), violates the single subject requirement of article III, section 6, of the Florida Constitution. He nonetheless acknowledges that this Court has upheld the constitutionality of the Act against a similar charge in Young v. State, 719 So.2d 1010 (Fla. 4th DCA 1998), rev. denied, 727 So.2d 915 (Fla.1999). See also State v. Eckford, 725 So.2d 427 (Fla. 4th DCA), rev. dismissed, 732 So.2d 326 (Fla.1999).
The judgment as to Count I correctly reflects that appellant was adjudged guilty of robbery, but apparently as a result of clerical oversight, it listed the offense as a first degree felony rather than as a second degree felony. Upon remand the court is directed to enter a corrective judgment nunc pro tunc.
AFFIRMED AND REMANDED.
WARNER, C.J., and KLEIN, J., concur.