789 So.2d 1169 (2001)
Amos BYRD, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-3395.
District Court of Appeal of Florida, Third District.
July 11, 2001.
*1170 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and John D. Barker, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and SHEVIN, J., and NESBITT, Senior Judge.
PER CURIAM.
The Defendant was charged with two counts of aggravated assault and two counts of battery, allegedly perpetrated against his sister and nephew. The charges stemmed from an argument that arose between the Defendant and his nephew, inside the home of Defendant's sister. The sister got between the Defendant and her son, and was knocked to the ground. The nephew was also knocked to the ground. Eventually, the sister successfully convinced the defendant to leave her home. Nonetheless, the nephew went outside and the argument started again. The sister grabbed her son and began to maneuver him back into the house. The Defendant began to drive away, but then turned around to resume the argument. He then drove his car over a curb and toward both victims, who testified that they assumed the Defendant was attempting to run over them with his automobile.
After hearing the foregoing evidence, the jury retired to begin their deliberations. Thereafter, the jury sent the following query to the trial court:
Your honor, we are wanting an interpretation on battery charge involving Verna [the sister]. If Defendant intended to move her out of the way, but did not intend to do harm to Verna, in our mind, the jury, would that still legally constitute battery.
Can you help us on the law, and we are hung up on the words intention and whether that involves pre-mediated harm.
Defense counsel requested that the trial judge re-instruct the jury regarding the standard jury instruction defining the offense of battery. This was rejected and over objection the trial judge gave the jury the following instruction:
Intention does not involve premeditated harm. However, for Mr. Byrd to be found guilty of battery, the state must prove beyond a reasonable doubt that Mr. Byrd intended to touch or strike Verna Byrd against her will.
After receiving this instruction, the jury returned a verdict of guilty of a battery against the sister as well as guilty of assault as a lesser included offense of the charged offense of aggravated assault. The jury returned a verdict of not guilty of battery against the nephew.
The Defendant argues here that the instruction which told the jury "intention does not involve premeditated harm", was not a correct statement of the law. Defendant argues that intention may or may not involve premeditated harm depending upon the circumstance of a particular case. Furthermore, the Defendant argues that the absence of premeditated harm may very well be an indication of lack of intent, a point that the trial judge's extemporaneous instruction did not make clear. See Carpenter v. State 785 So.2d 1182 (Fla. 2001). In Carpenter, the Supreme court reiterated that a trial court has discretion in instructing a jury and that the instruction given is presumptively correct. Nonetheless, the court reminded us all that a non-standard instruction that misleads the jury is reversible error. In Perriman v. State 731 So.2d 1243, 1246-1248 (Fla.1999), the Supreme Court stated:
Where a jury is confused concerning a point of law, the court must exercise sound discretion. In some cases, the *1171 court may properly refer the jury to the standard instructions in toto given in that particular case, but in many cases the preferred practice will be to direct the jury to specific instructions. Where appropriate, the court may also clarify a point of law with a brief, clear response.
There are two distinct definitions of the offense of battery. The first definition involves the actual and intentional touching of another against their will. See § 784.03(1)(a)1, Fla. Stat. (2000). It was this definition that was used as the jury instruction in the instance case. The second definition involves the intentional causing of bodily harm. See § 784.03(1)(a)2, Fla. Stat. (2000). This definition was not included in the instructions to the jury in the instant case. The additional instruction the trial judge gave the jury in the instant case, merely made it clear to the jury that in order to be guilty of battery the Defendant did not need to have the premeditated intent to harm his sister. This same distinction is recognized in the statute.
Because premeditation was not involved in the instant conviction, we can find no error in the trial judge's clarification of the point. While we affirm the defendant's conviction, we reiterate the better practice would nonetheless be to give the jury the standard jury instruction covering the matter at hand.
Affirmed.