884 So.2d 279 (2004)
Scottie WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-756.
District Court of Appeal of Florida, Second District.
August 13, 2004.
FULMER, Judge.
Scottie White appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, White stated five claims of ineffective assistance of counsel. We affirm the denial of three *280 of the claims without discussion. We address the remaining two claims that his counsel was ineffective for failing to call two witnesses to testify at trial.
In 2002, White was convicted of second-degree murder with a firearm. At trial, an eyewitness named Latrice Marbra testified that she witnessed the shooting and White's involvement in the shooting. In his motion, White claimed that counsel was ineffective for failing to call Tier Giles to testify at trial that Marbra was not at the nightclub at the time of the shooting. The trial court did not specifically address this claim in its order. The record indicates that at her deposition, Giles stated that she saw Marbra drive up to the scene of the shooting after the shooting had stopped.
In addition, White argued that his counsel was ineffective for failing to call White's girlfriend, Tara Blauvelt, as an alibi witness to testify at trial that White was with her and her family at the time of the shooting. The trial court denied this claim, concluding that counsel's failure to call Blauvelt as a witness was a strategic decision. The trial court erred because such a determination is generally not appropriate without an evidentiary hearing. See Green v. State, 827 So.2d 1060, 1061 (Fla. 2d DCA 2002). In addition, the record indicates that Blauvelt testified at her deposition that White was home with her at the time of the shooting.
Based on the allegations and the record before us, we conclude that White's claims were facially sufficient when filed and that White should have been granted an evidentiary hearing. See Odom v. State, 770 So.2d 195 (Fla. 2d DCA 2000), disapproved in part, Nelson v. State, 875 So.2d 579 (Fla.2004). However, subsequent to the trial court's denial of White's motion, the Florida Supreme Court held that "a facially sufficient postconviction motion alleging the ineffectiveness of counsel for failing to call certain witnesses must include an assertion that those witnesses would in fact have been available to testify at trial." Nelson, 875 So.2d at 584. The supreme court also indicated that a defendant's motion should not be denied simply because of this insufficiency; instead the trial court should allow a defendant leave to amend the motion:
We do not, however, want postconviction relief to be denied simply because of a pleading defect if that pleading defect could be remedied by a good faith amendment to the motion. Therefore, when a defendant fails to allege that a witness would have been available, the defendant should be granted leave to amend the motion within a specified time period. If no amendment is filed within the time allowed, then the denial can be with prejudice.
See id.
Therefore, in accordance with Nelson, we reverse the trial court's denial of White's claims alleging ineffective assistance of counsel for failure to call witnesses Tier Giles and Tara Blauvelt. We remand with directions that White be granted a specified period of time within which to amend his motion, if he is able to do so, to allege that these witnesses would have been available to testify at trial. If White files a sufficient amendment, the trial court must conduct an evidentiary hearing. If White does not file an amendment within the time allowed, the trial court may deny these claims with prejudice.
Affirmed in part, reversed in part, and remanded with directions.
STRINGER, and SILBERMAN, JJ., concur.