905 So.2d 1039 (2005)
Kevin Raymond SAGE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1817.
District Court of Appeal of Florida, Second District.
July 8, 2005.
*1040 James Marion Moorman, Public Defender, and Anthony C. Musto, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Kevin Sage appeals a final order denying his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court summarily denied all but one of Mr. Sage's grounds for relief and denied the remaining claim after a short evidentiary hearing. We affirm, without further comment, the summary denial of claims 1(e), 2(f), 2(g), 2(h), 2(j), 2(k), 3, and 4, of Mr. Sage's motions because the claims were either facially insufficient or conclusively refuted by the record.[1] We reverse the summary denial of claims 1(a), 1(b), 1(c) and 1(d) and remand for further proceedings. We also reverse the denial of ground 2(m) after the evidentiary hearing because the inquiry in this matter has recently changed in light of Florida v. Nixon, ___ U.S. ___, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004). Finally, we affirm the summary denial of claims 2(i) and 2(l), but because it appears Mr. Sage may be able to state facially sufficient claims for relief on these grounds and the trial court will be conducting continued proceedings on Mr. Sage's claims, he should be provided an opportunity to amend these claims if he can do so in good faith.
Mr. Sage was charged with false imprisonment, robbery, burglary of a conveyance with assault or battery, and carjacking. Although our record is limited, it appears that these charges arose out of an attack on a woman who was leaving Britton Plaza, a shopping plaza in south Tampa with a grocery store and theater that serves a racially diverse community. As she approached her car, the perpetrator forced her into her car and robbed her. She managed to escape from the car and immediately reported the crime to the police. The police detained Mr. Sage because he was found in the vicinity of the crime and fit the victim's rather general description of the perpetrator as a young, African-American male. The police took Mr. Sage to the victim, who identified him as the perpetrator. It does not appear that the identification occurred at a formal line-up.
There were some discrepancies within the victim's story. She claimed that she had engaged in an intense struggle with the perpetrator that would seemingly have left marks on the perpetrator, but Mr. Sage had no marks of such a struggle. Furthermore, none of the items stolen from the victim were recovered. Nevertheless, at his trial in 2001, Mr. Sage's trial counsel employed a strategy of conceding guilt to a lesser offense of attempted robbery but denying that any other crime occurred.
In his motion for postconviction relief, Mr. Sage alleged that he was innocent of the charges, that he did not agree to a strategy of conceding guilt, and that counsel was ineffective for failing to investigate *1041 his case in certain aspects in order to present a defense of mistaken identity. In his pro se motion, Mr. Sage divided these allegations into varying "grounds" of ineffective assistance of counsel, namely, grounds 1(a), 1(b), 1(c), 1(d), and 2(m), perhaps contributing to the impression that the grounds could be addressed individually. Thus the trial court summarily denied the claims in grounds 1(a) through (d) that counsel was ineffective for failing to investigate the case, concluding that the lack of investigation had not prejudiced Mr. Sage because his trial strategy had been to concede both his identity and that he was guilty of a lesser crime arising out of the same events. The trial court then ordered an evidentiary hearing to determine whether Mr. Sage consented to the trial strategy of conceding guilt (ground 2(m)), relying on the Florida Supreme Court's decision in Nixon v. State, 758 So.2d 618 (Fla.2000).
At the evidentiary hearing, Mr. Sage's trial counsel testified that Mr. Sage had consented to employing a strategy of conceding guilt to a lesser offense. Mr. Sage denied that he had agreed to this. Counsel did not offer any explanation as to why she decided to employ this strategy rather than a strategy that would not require conceding guilt, such as a mistaken identity defense. Because of a prior conviction, it appears that Mr. Sage's conviction for the lesser offense could still have entailed substantial sentencing consequences, possibly equal in severity to the sentence he ultimately received upon his conviction for the crimes charged. The trial court concluded that Mr. Sage had consented to the strategy of conceding guilt to the lesser offense, and therefore, pursuant to Nixon, 758 So.2d 618, denied the motion for postconviction relief as to ground 2(m).
In Nixon, 758 So.2d 618, the Florida Supreme Court held that a presumption of ineffective assistance of counsel arises when a defendant's trial counsel concedes the defendant's guilt to a crime and that the presumption could be overcome only by evidence that the defendant consented to the strategy. Nixon, 758 So.2d at 624. Recently, however, the United States Supreme Court overruled Nixon. See Florida v. Nixon, ___ U.S. ___, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004). The United States Supreme Court rejected the framework set up by the Florida Supreme Court in Nixon, 758 So.2d 618, holding instead that a claim alleging a counsel's deficient performance due to a concession of guilt must meet the standard prescribed in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, the defendant must show that counsel's concession strategy was "unreasonable." See Nixon, 125 S.Ct. at 561-62.
Based upon Nixon, 125 S.Ct. at 561-62, which was issued some months after the evidentiary hearing on Mr. Sage's motion for postconviction relief, the focus of the evidentiary hearing regarding ground 2(m) was misdirected. The question presented is not whether Mr. Sage consented to a trial strategy that involved conceding guilt; the question is whether this was a reasonable trial strategy under the circumstances presented. Moreover, in determining whether this trial strategy was reasonable, the postconviction court needed to explore whether counsel failed to reasonably investigate the case in order to develop a more promising defense. Because these issues were not adequately addressed when the trial court summarily denied grounds 1(a) through (d) and ground 2(m), we reverse and remand for another evidentiary hearing on these claims.[2]
Finally, we affirm the postconviction court's summary denial of grounds 2(i) and *1042 2(l) of the motion but note that Mr. Sage should be given an opportunity to amend these claims, if appropriate, to state facially sufficient claims for postconviction relief.
In ground 2(l), Mr. Sage alleged that counsel was ineffective for failing to call as alibi witnesses people who were with him at the time of the offense who would testify that he could not have been the perpetrator. The postconviction court denied this ground, as it had grounds 1(a) through (d), based upon its conclusion that Mr. Sage could not be prejudiced by the failure to call witnesses or investigate his case further given the strategy of conceding identity and his guilt to a lesser crime. Again, this conclusion depends upon whether counsel acted reasonably in deciding to employ that trial strategy. However, we affirm because this claim was facially insufficient. Mr. Sage did not identify the names of the alibi witnesses, the substance of the testimony they could have provided, and that the witnesses were available to testify. See White v. State, 884 So.2d 279 (Fla. 2d DCA 2004) (citing Nelson v. State, 875 So.2d 579 (Fla.2004)). Because our reversal requires the trial court to revisit the issues regarding trial counsel's strategy, Mr. Sage should be given a brief period of time, prior to the evidentiary hearing required on remand, within which he may amend his motion, if possible, to allege a facially sufficient claim in this regard. See Nelson, 875 So.2d at 583-84 (stating, "when a defendant fails to allege that a witness would have been available, the defendant should be granted leave to amend the motion within a specified time period").
Similarly, we affirm the postconviction court's summary denial of ground 2(i) as facially insufficient. In this ground, Mr. Sage alleged that his counsel was ineffective for failing to object when the prosecutor made an improper closing argument. Mr. Sage did not detail in what manner the prosecutor's argument was improper or how Mr. Sage was prejudiced by his counsel's failure to object to the argument. We decline Mr. Sage's invitation to review the record in his direct appeal to decipher the merits of this claim. We agree with the postconviction court that it was facially insufficient. However, because of the further proceedings required by our opinion, the postconviction court should permit Mr. Sage an opportunity to amend this ground, if possible, to state a facially sufficient claim.
Affirmed in part, reversed in part, and remanded.
WHATLEY and SILBERMAN, JJ., Concur.
NOTES
[1] Mr. Sage did not sequentially number his distinct claims. To avoid confusion, we identify his claims as he designated them in his motion.
[2] We note that in grounds 1(a) through (d), Mr. Sage enumerated four specific ways in which he contended counsel failed to adequately investigate his case. We do not comment on whether the individual tasks he asserts counsel should have undertaken in the investigation were required. Rather, the trial court must determine what level of investigation was reasonable and whether the failure to perform such an investigation prejudiced Mr. Sage.