CASANUEVA, Judge.
Mario Baker appeals his conviction for felony battery[1] raising three issues. First, Mr. Baker argues that the trial court should have granted his motion for judgment of acquittal because neither the evidence presented nor the allowable inferences from that evidence were sufficient to sustain a conviction for battery. Second, Mr. Baker claims, citing Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), that his Sixth Amendment confrontation right was violated when the trial court allowed into evidence an audio tape recording of the 911 call the victim made. Finally, Mr. Baker contends the trial court erred by denying his motion for a new trial based on newly discovered evidence. We decline to address the second issue raised because we agree with Mr. Baker that even with the disputed 911 tape in evidence, the State failed to establish a prima facie case of battery. Because the trial court erred in denying Mr. Baker’s motion for judgment of acquittal, Mr. Baker’s third issue is moot.
The main evidence the State presented at trial was the audio recording of a call made to a 911 operator by the alleged victim of the crime, Mr. Baker’s girlfriend. She told the operator: “My boyfriend just, um, bit me and took my phone and stuff,” but she declined the ne.ed for any medical attention. The 911 operator dispatched a police officer to the victim’s home, who observed and photographed a small bite mark on the victim’s forearm. At the trial, the police officer authenticated the photographs of the bite mark but did not testify as to any conversation he had with the victim, although he did say that when he arrived the victim was crying. The victim herself did not appear to testify at trial. Therefore, there was no testimony surrounding the circumstances leading up to the biting. The State’s proof of the various elements of battery thus consisted of the victim’s above quoted remarks to the 911 operator, the officer’s testimony about what he observed on the victim’s arm and her demeanor, and the photograph of the bite mark. The trial court denied the motion for judgment of acquittal and submitted the case to the jury, who found Mr. Baker guilty of battery. Because Mr. Baker had at least one prior conviction for battery, he was adjudicated guilty of felony battery.
“The rule is well established that the prosecution, in order to present a pri-ma facie case, is required to prove each and every element of the offense charged beyond a reasonable doubt, and when the prosecution fails to meet this burden, the case should not be submitted to the jury, and a judgment of acquittal should be granted.” Baugh v. State, 961 So.2d 198, 203-04, 2007 WL 1215130 (Fla. April 26, 2007) (quoting Williams v. State, 560 So.2d 1304, 1306 (Fla. 1st DCA 1990)). We review de novo the denial of a motion for acquittal. Pagan v. State, 830 So.2d 792, 803 (Fla.2002).
The crime of battery is defined in section 784.03(1)(a), Florida Statutes (2005), and occurs when a person: “(1) actually and intentionally touches or strikes another person against the will of the other; or (2) intentionally causes bodily harm to another person.” For the State to overcome a defense motion for judgment of acquittal, the State had to present prima facie evidence that Mr. Baker intentionally bit the *1252 victim and this biting was against her will, or that Mr. Baker intended to harm her. See Beard v. State, 842 So.2d 174 (Fla. 2d DCA 2003); Byrd v. State, 789 So.2d 1169 (Fla. 3d DCA 2001); Nash v. State, 766 So.2d 310 (Fla. 4th DCA 2000). Here, the State presented prima facie evidence only that Mr. Baker was the perpetrator. The State failed to present any evidence that the alleged touching — the bite — was intentional and against the victim’s will. The State’s case was deficient primarily because the victim did not testify; the evidence from the victim was limited to the 911 call. Her remarks to the 911 operator fall short of providing the necessary proof that the biting was not consensual and that it was intentional. Cf. Rosen v. State, 940 So.2d 1155 (Fla. 5th DCA 2006) (holding that the trial court correctly denied a motion for judgment of acquittal for battery where the victims testified that the defendant touched them against their will). Taken altogether, the evidence in the 911 recording, the officer’s testimony, and the photograph of the bite mark fail to fulfill all the elements of battery.
Because the State failed to present a prima facie case of battery, the trial court should have granted Mr. Baker’s motion for judgment of acquittal. Accordingly, we reverse Mr. Baker’s conviction and vacate his sentence for battery.
Conviction reversed, sentence vacated, and case remanded with instructions to discharge Mr. Baker.
WHATLEY J., and FOSTER, ROBERT A. JR., Associate Judge, concur.

. § 784.03, Fla. Stat. (2005).