[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15922
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 3, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-20977-CV-PAS

MATTIE LOMAX,

Plaintiff-Appellant,

versus

MANNY DIAZ,
City of Miami Mayor,
CITY OF MIAMI POLICE DEPARTMENT,
OFFICER KEVIN WILLIAMS,
OFFICER CESAR VILLAFANA,
SERGEANT C. AVINA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 3, 2010)

Before DUBINA, Chief Judge, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Mattie Lomax appeals *pro se* the district court's dismissal of her 42 U.S.C. § 1983 complaint. Lomax's neighbor, Rebecca Smith, called the police to report that Lomax had poured hot water on her. Several officers responded to the call, and after observing Smith's wet blouse and speaking with witnesses, arrested Lomax for battery, in violation of Fla. Stat. § 784.03.

Lomax filed a complaint against Manny Diaz, the former mayor of the City of Miami, the City of Miami Police Department ("MPD"), and police officers Kevin Williams, Cesar Villafana, and Sergeant C. Avina alleging various constitutional violations associated with her arrest. The court dismissed the suit with prejudice, finding that: (1) Lomax's complaint failed to allege any facts showing that Diaz participated in, or was causally connected to, Lomax's alleged constitutional harm; (2) the MPD was not an entity subject to suit pursuant to federal and state law; (3) Lomax's claim against the officers in their official capacities was properly construed as a claim against the City of Miami, and that Lomax failed to allege any facts demonstrating employer liability; and (4) the officers were entitled to qualified immunity in their individual capacities because Lomax's complaint demonstrated that the officers had at least arguable probable

2

cause to arrest her.

On appeal, Lomax argues that dismissal was improper because the district court did not provide her with notice of its intent to dismiss nor did it provide her an opportunity to respond. Lomax also contends that dismissal was improper because the officers violated her constitutional rights.

While we read briefs filed by *pro se* litigants liberally, issues that a *pro se* litigant does not brief on appeal are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Similarly, we will not address arguments that a *pro se* litigant raises for the first time in her reply brief. *Id*.

We review *de novo* a district court's dismissal of a complaint based on qualified immunity, accepting the well-pleaded allegations as true and construing the facts in the light most favorable to the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). Because a heightened pleading requirement applies to § 1983 cases involving qualified immunity, "vague and conclusory" allegations are insufficient. *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (quoting *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). A plaintiff must provide sufficient factual detail to state a claim for relief that "is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted).

Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights. *Townsend v. Jefferson County*, 601 F.3d 1152, 1157 (11th Cir. 2010) (citation omitted). A defendant's motion to dismiss will be granted if the plaintiff's "complaint fails to allege the violation of a clearly established constitutional right." *Snider v. Jefferson State Community College*, 344 F.3d 1325, 1327 (11th Cir. 2003) (internal quotation marks omitted).

"A warrantless arrest without probable cause violates the Constitution and forms the basis for a section 1983 claim." *Marx v. Gumbinner*, 905 F.2d 1503, 1505 (11th Cir. 1990). Conversely, if an arrest is supported by probable cause, the arrestee is absolutely barred from pursuing a § 1983 false arrest claim. *Id.* at 1505-06. In order to prove a § 1983 claim for malicious prosecution, the plaintiff must establish a violation of his Fourth Amendment right to be free from unreasonable seizures and the elements of the common law tort of malicious prosecution, which under Florida law, requires the plaintiff to establish that the officers lacked probable cause to initiate the proceeding. *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004). Accordingly, if an arrest is supported by probable cause, a plaintiff cannot maintain a § 1983 malicious prosecution claim. *See id.*

4

An officer needs only "arguable probable cause" to be eligible for qualified immunity. *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1137 (11th Cir. 2007). Arguable probable cause exists when "reasonable officers in the same circumstances and possessing the same knowledge as the Defendant *could have believed* that probable cause existed to arrest." *Id*. (internal quotation marks omitted). Whether the defendants had arguable probable cause depends on the elements of the alleged crime. *See Crosby v. Monroe County*, 394 F.3d 1328, 1333 (11th Cir. 2004). Florida Statute § 784.03 provides that a person commits the act of battery when the person "actually and intentionally touches or strikes another person against the will of the other[.]" Fla. Stat. § 784.03(1)(a)(1). Florida courts have defined the touching necessary to commit battery as "harmful or offensive contact." *See*, *e.g.*, *Quilling v. Price*, 894 So.2d 1061, 1063 (Fla. Dist. Ct. App. 2005). Florida courts have also found that a battery may occur when a person makes contact with something intimately connected with the victim's person, such as clothing or an object. *See*, *e.g.*, *Nash v. State*, 766 So.2d 310, 310 (Fla. Dist. Ct. App. 2000) (finding a battery existed when defendant touched the victim's closely held purse against her will).

As an initial matter, a number of issues that Lomax raised in her complaints and reply brief that are not central to the issue of qualified immunity have been

5

abandoned. In her initial brief, Lomax failed to allege facts or make arguments regarding: (1) her First Amendment claim, raised in her second amended complaint; (2) the district court's finding that her suit against the officers in their official capacities should be construed as a *Monell*[1] claim against the City of Miami and her related allegation that her constitutional violation was related to the City of Miami's policies, customs, or failure to train; and (3) the district court's determinations that the MPD was not an entity subject to suit or that there was no causal connection linking Diaz to Lomax's alleged harm. Thus, to the extent that Lomax attempts to raise any of these claims on appeal, she has abandoned them, and we accordingly decline to address them.

We now turn to the district court's dismissal of the complaint against the officers in their individual capacities based on qualified immunity. Lomax was given notice of, and an opportunity to correct, the deficiencies in her initial complaint prior to the district court's dismissal with prejudice. Because we conclude from the record that the officers had arguable probable cause to arrest Lomax for battery under Florida law, she is barred from pursuing § 1983 claims for false arrest and malicious prosecution. The officers are thus entitled to qualified immunity from suit in their individual capacities. Accordingly, we affirm the

---

[1] *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

6

district court's dismissal of the complaint against the officers.

**AFFIRMED.**