SILBERMAN, Judge.
 

 Manuel A. Benitez-Saldana seeks review of his judgment and sentence for robbery and burglary with assault or battery. Benitez-Saldana argues that trial counsel provided ineffective assistance by making factual concessions that essentially admitted his guilt on both charges. Benitez-Saldana also argues that the trial court abused its discretion by admitting a recording of a call Benitez-Saldana made to his mother from jail. We agree that trial counsel’s factual concessions constituted ineffective assistance of counsel and reverse on this basis.
 

 The charges in this case arose when Benitez-Saldana entered the victim’s home, took money from her purse in her presence, and ran off. The victim and her husband rented the home from Benitez-Saldana’s mother, and Benitez-Saldana had done some work on the home for his mother. At the time of the entry, the victim was visibly pregnant and her husband was at work. The details surrounding Benitez-Saldana’s entry into the victim’s home and theft therein are disputed.
 

 In the victim’s version of events, Beni-tez-Saldana knocked on her door and, when no one answered, entered her home with a key he must have obtained from his mother. Benitez-Saldana went to the victim’s bedroom and the victim, who had been hiding in a guest room, confronted him there. Benitez-Saldana told the victim that he only wanted ten dollars. The victim responded that she did not have any money. Benitez-Saldana grabbed the victim’s purse from its location in the bedroom, and the victim tried to take the purse back. During the struggle, Benitez-Saldana grabbed the victim’s arm and then raised his hand at her while looking at her pregnant belly. The victim let go of the purse, and Benitez-Saldana grabbed her wallet from the purse and ran off with $800.
 

 In Benitez-Saldana’s version of events, he did not enter the victim’s home with a key; she let him inside the front room. He asked the victim if he could borrow ten dollars, and the victim said no. He then saw the victim’s purse on the sofa, grabbed money from inside it, and ran off. He denied touching the victim or struggling with the victim.
 

 Prior to trial, defense counsel informed the court that Benitez-Saldana had agreed to the trial strategy of admitting to the commission of a grand theft but denying responsibility for a robbery or burglary with an assault or battery. Defense counsel began his opening statement by admitting the facts as set forth in Benitez-Saldana’s version of events. Counsel asserted that, because the victim invited him inside and Benitez-Saldana did not use or threaten violence, he was responsible for a grand theft but not a burglary with an assault or battery. Counsel then conceded the part of the victim’s version of events in which Benitez-Saldana struggled with the victim over her purse. However, he ar
 
 *322
 
 gued that this struggle did not establish a robbery because it was not done using violence or the threat of violence.
 

 The victim’s testimony set forth her version of events as described above. After the victim testified about the struggle over her purse, the State introduced a photograph of an abrasion on the victim’s arm without further explanation. On cross-examination, defense counsel asked the victim about the struggle, which counsel described as a “tug-of-war.” Defense counsel stated, “And it was during that tug-of-war that you got the little scrape mark or burn mark on your arm, isn’t it?” The victim answered in the affirmative, adding that Benitez-Saldana had also grabbed her arm.
 

 Benitez-Saldana did not testify at trial, but his version of events was presented in the form of his statement to the police. Again, Benitez-Saldana claimed that the victim let him in her home and that he merely grabbed money from her purse and ran. He denied touching the victim or struggling with the victim.
 

 During closing argument, defense counsel asserted that, while Benitez-Saldana committed a theft, he was overcharged. In arguing that a robbery did not occur, counsel again conceded that there was a tug-of-war over the victim’s purse. But counsel argued that this struggle did not constitute sufficient force to sustain a finding of guilt as to robbery.
 

 Defense counsel went on to address the charge of burglary with an assault or battery, asserting that a burglary did not occur because Benitez-Saldana was invited into the victim’s home and had no intent to commit a crime therein. This was consistent with Benitez-Saldana’s statement. But when defense counsel was summarizing his argument, he essentially conceded that a burglary occurred. Counsel summarized, “We have a theft, not a robbery. And we have perhaps a burglary without an assault and battery, just a snatching basically.”
 

 The jury found Benitez-Saldana guilty as charged on both counts, and the court sentenced Benitez-Saldana to a term of natural life for burglary with an assault or battery and to a concurrent term of fifteen years for robbery. On appeal, Ben-itez-Saldana argues that counsel’s actions in opening statement, cross-examination of the victim, and closing argument went far beyond conceding that he committed a grand theft and amounted to an admission that he committed the crimes charged.
 
 [1]
 
 Benitez-Saldana argues that these actions constitute ineffective assistance and require reversal because this ineffective assistance is apparent from the face of the record.
 

 Defendants are generally precluded from raising a claim of ineffective assistance of counsel on direct appeal.
 
 Hicks v. State,
 
 41 So.3d 327, 329 (Fla. 2d DCA 2010). However, such a claim is cognizable “ ‘when the ineffectiveness is obvious on the face of the appellate record, the prejudice caused by the conduct is indisputable, and a tactical explanation for the conduct is inconceivable.’ ”
 
 Id.
 
 (quoting
 
 Corzo v. State,
 
 806 So.2d 642, 645 (Fla. 2d DCA 2002)).
 

 A defendant seeking to establish that his counsel was ineffective must establish that counsel’s performance was deficient and the deficiency prejudiced the defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d
 
 *323
 
 674 (1984). In determining whether trial counsel’s performance was deficient for conceding a defendant’s guilt to the charged crime, the reviewing court must determine whether this strategy was “unreasonable.”
 
 [2]
 

 Florida v. Nixon,
 
 548 U.S. 175, 189, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004);
 
 Sage v. State,
 
 905 So.2d 1039, 1041 (Fla. 2d DCA 2005).
 

 While defense counsel argued to the jury that Benitez-Saldana was not guilty of the charged crimes, he made factual concessions that amounted to admissions to the charges. First, defense counsel conceded that the victim and Benitez-Sal-dana got into a tug-of-war over the victim’s purse, but he then asserted it was not a robbery because the taking was not done with violence or the threat of violence. However, although snatching without resistance by the victim constitutes a theft, the use of force to overcome the victim’s resistance converts a theft into a robbery.
 
 Robinson v. State,
 
 692 So.2d 883, 886-87 (Fla.1997). Thus, a conviction for robbery may be based on a defendant’s act of engaging in a tug-of-war over the victim’s purse.
 
 See McCloud v. State,
 
 335 So.2d 257, 258-59 (Fla.1976) (stating that “[a]ny degree of force suffices to convert larceny into a robbery”).
 

 Second, defense counsel admitted that the evidence supported the conclusion that a burglary had occurred. Counsel then asserted that it was not a burglary with an assault or battery because Benitez-Salda-na did not commit any acts of violence or threaten violence. “The offense of battery occurs when a person: 1. Actually and intentionally touches or strikes another person against the will of the other; or 2. Intentionally causes bodily harm to another person.”
 
 See
 
 § 784.03(1)(a), Fla. Stat. (2007). The victim’s “person” includes “something intimately connected with the victim’s body,” including a bag or purse the victim is holding.
 
 Malczewski v. State,
 
 444 So.2d 1096, 1099 (Fla. 2d DCA 1984);
 
 see also Nash v. State,
 
 766 So.2d 310, 310 (Fla. 4th DCA 2000). Thus, a conviction for burglary with a battery may be based on a defendant’s act of engaging in a tug-of-war over the victim’s purse during a burglary.
 

 Although counsel essentially conceded Benitez-Saldana’s guilt, counsel’s actions must have been unreasonable to support a finding of deficient performance. The State argues that the admissions constituted a reasonable trial strategy of developing credibility with the jury to convince the jury to either misapply the law or pardon Benitez-Saldana. However, counsel’s pretrial statements to the court suggest that defense counsel’s admissions were unintentional and not a matter of trial strategy. Prior to trial, counsel had explained that he intended to admit that Benitez-Saldana was guilty of grand theft but deny responsibility for a robbery or a burglary with an assault or battery. While counsel attempted to pursue this trial strategy by making assertions to this effect, counsel’s factual concessions inadvertently established Ben-itez-Saldana’s responsibility for the charged crimes.
 

 Furthermore, we do not agree that admitting guilt in an attempt to convince the jury to misapply the law or pardon Beni-
 
 *324
 
 tez-Saldana would have been a reasonable trial strategy. This is especially so when there is a conflict in the evidence which could have resulted in an acquittal of the charged crimes if the jury believed Beni-tez-Saldana’s statement.
 
 Cf. Kormondy v. State,
 
 983 So.2d 418, 431 (Fla.2007) (holding that it was reasonable trial strategy to admit defendant’s guilt to some of the charged crimes because he had continually admitted his participation in those crimes and counsel was attempting to establish credibility so the jury would believe he did not commit the other charged crimes).
 

 Accordingly, Benitez-Saldana has established the first prong of his ineffective assistance claim, that counsel’s performance was deficient. As to the second prong, the State argues that Benitez-Sal-dana did not establish prejudice from counsel’s concessions due to the strength of the State’s case. In order to establish prejudice from counsel’s deficient performance, Benitez-Saldana must show that there is a reasonable probability that, but for the deficient performance, the result of the trial would have been different.
 
 Strickland,
 
 466 U.S. at 694, 104 S.Ct. 2052. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.”
 
 Id.
 

 As stated previously, this case boiled down to a credibility contest between Beni-tez-Saldana and the victim. While Beni-tez-Saldana admitted to the police that he had committed a theft by taking the victim’s money from her purse, he denied committing a robbery or burglary with an assault or battery. He maintained that he had been invited inside and denied that he had touched the victim or struggled over her purse. The only physical evidence that was inconsistent with this theory was the abrasion on the victim’s arm. However, it was defense counsel who elicited the testimony that the abrasion was caused by the tug-of-war.
 

 Because the evidence against Benitez-Saldana was not overwhelming and he was deprived of a viable defense, we conclude that he has established prejudice.
 
 Cf. Harvey v. State,
 
 946 So.2d 937, 944 (Fla.2006) (holding that defendant failed to establish prejudice from counsel’s admission to facts that established charged crime of first-degree murder because the facts conceded were all included in the defendant’s confession which provided “overwhelming” evidence);
 
 Patton v. State,
 
 784 So.2d 380, 390 (Fla.2000) (holding that defendant failed to establish prejudice from counsel’s concession to facts which “were supported by overwhelming evidence.”).
 

 We conclude that defense counsel’s ineffective assistance is apparent from the face of the appellate record, the resulting prejudice is indisputable, and there is no conceivable strategic explanation for counsel’s conduct. Accordingly, Benitez-Saldana’s claim of ineffective assistance is cognizable on direct appeal. We therefore reverse and remand for further proceedings in this case.
 

 While this disposition renders Ben-itez-Saldana’s second argument moot, we briefly address it to provide guidance in the event Benitez-Saldana is retried on remand. At trial, the State played a recording of a telephone call Benitez-Salda-na made to his mother from jail. During the conversation, Benitez-Saldana asked his mother to persuade the victim not to pursue the charges against him. However, Benitez-Saldana’s mother also made the following statements to him: (1) “That girl was pregnant. And any — any day— and she could have had a miscarriage.”; (2) “I am not going to stick my neck out for you anymore.”; (3) “I will not put my hands in the fire for you anymore.” Defense counsel had objected that these
 
 *325
 
 statements made the telephone call more prejudicial than probative.
 
 See
 
 § 90.403, Fla. Stat. (2007);
 
 Brown v. State,
 
 719 So.2d 882, 885 (Fla.1998).
 

 We agree. These statements were not necessary to establish that Benitez-Salda-na committed the charged crimes or that he asked his mother to persuade the victim not to pursue the charges. Instead, the statements served to evoke sympathy for the victim and suggested that Benitez-Saldana had committed prior bad acts. These statements should have been redacted from the recording.
 

 Reversed and remanded.
 

 WHATLEY and NORTHCUTT, JJ„ Concur.
 

 [1]
 

 . Benitez-Saldana’s appellate counsel is not the same counsel who represented him at trial.
 

 [2]
 

 . There is an exception to this rule that does not apply here for cases in which counsel wholly failed to subject the case to a meaningful adversarial testing.
 
 See Chavez
 
 v.
 
 State,
 
 12 So.3d 199, 211 (Fla.2009). In those cases, “the law will presume prejudice and deem counsel ineffective per se.”
 
 Id.
 
 The failure to subject the case to meaningful adversarial testing occurs only in rare circumstances such as when counsel was totally absent, was prevented from assisting the defendant during a critical stage of the proceeding, or had a conflict of interest that impeded adequate representation.
 
 Id.