917 So.2d 381 (2005)
Carl PETZ, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D05-3553, 2D05-3554, 2D05-3555.
District Court of Appeal of Florida, Second District.
December 30, 2005.
*382 LaROSE, Judge.
We have consolidated these appeals concerning the postconviction court's denial of Carl Petz's three motions for relief filed pursuant to Florida Rule of Criminal Procedure 3.850.[1] We reverse as to two claims addressed in the orders denying relief to Mr. Petz. We affirm the postconviction court's orders in all other respects without further comment.
In claim six of the rule 3.850 motion directed to the trial on count two, Mr. Petz argued that trial counsel was ineffective for failing to call an alibi witness. Mr. Petz did not identify the witness in his motion, nor did he allege that the witness was available to testify at trial. The postconviction court denied this claim as facially insufficient.
To assert a facially sufficient claim of ineffective assistance of counsel for failure to call a witness, the defendant must (1) identify the prospective witness, *383 (2) describe the substance of the witness's testimony, (3) state that the witness was available to testify, and (4) describe the prejudice resulting from omitting the witness's testimony. See Nelson v. State, 875 So.2d 579, 582-83 (Fla.2004). Although this claim was facially insufficient, the postconviction court erred in denying relief without first granting Mr. Petz an opportunity to amend. See id. at 583-84. Accordingly, we reverse and remand.
On remand, the postconviction court should grant Mr. Petz thirty days to cure the defects in this claim. "If no amendment is filed within the time allowed, then the denial can be with prejudice." Id. at 584. If Mr. Petz cures the defects, the postconviction court should either attach those portions of the record conclusively refuting his claim or hold an evidentiary hearing on whether trial counsel was ineffective for failing to call the alibi witness.
In claim four of the rule 3.850 motion addressed to the trial on count five, Mr. Petz argued that trial counsel failed to object to a jury instruction that defined a firearm to include a "BB gun." For purposes of section 790.001(6), Florida Statutes (Supp.1998), a "BB gun" is not a firearm. See Mitchell v. State, 698 So.2d 555, 558 (Fla.2d DCA 1997); Wilson v. State, 901 So.2d 885, 886 (Fla. 4th DCA 2005). If the trial court instructed the jury that a firearm included a "BB gun," Mr. Petz's claim of ineffective counsel may have merit.
The postconviction court denied this claim. It concluded that the trial court did not instruct or indicate to the jury that a BB gun was a firearm. However, the postconviction court failed to attach any portion of the record conclusively refuting Mr. Petz's allegations. "In cases where there has been no evidentiary hearing, the Court must accept the factual allegations made by the defendant to the extent that they are not refuted by the record." Griffin v. State, 866 So.2d 1, 9 (Fla.2003); Valle v. State, 705 So.2d 1331, 1333 (Fla.1997). Therefore, we reverse and remand for the postconviction court to attach the appropriate portions of the record supporting a denial of the claim or to hold an evidentiary hearing to consider the merits of this claim.
Affirmed in part, reversed in part, and remanded for further proceedings.
SALCINES, and CANADY, JJ., Concur.
NOTES
[1] Mr. Petz was charged with five counts of robbery with a firearm in trial court case number 98-1451. He received separate trials for counts two, three, and five. Mr. Petz filed rule 3.850 motions challenging his trial counsel's effectiveness in each of the trials. The postconviction court disposed of each motion in separate orders.