NORTHCUTT, Judge.
In 2002, a jury convicted William New-land of two crimes involving sexual acts. This court affirmed Newland’s conviction, per curiam. Newland v. State, 875 So.2d 615 (Fla. 2d DCA 2004). Newland then filed a motion for postconviction relief in which he claimed that his trial counsel was ineffective on eight different bases. See Fla. R.Crim. P. 3.850. In this appeal, he challenges the postconviction court’s denial of his motion on all grounds, some of which it rejected summarily, some after an evi-dentiary hearing. We affirm the court’s decision with one exception.
Ground VIII of Newland’s motion asserted that his counsel was ineffective for failing to present two potential witnesses in his defense. The postconviction court summarily denied this ground because it believed that the testimony of the named potential witnesses would have been merely cumulative. We agree with the court’s conclusion about witness Tutko. However, we remand for an evidentiary hearing on Newland’s contentions regarding witness Balbi.
A defendant who makes a facially sufficient claim for postconviction relief must be given an evidentiary hearing unless his motion or the record conclusively show that he is entitled to no relief. On a claim of ineffective assistance of counsel, if the defendant alleges specific facts that are not conclusively rebutted in the record and demonstrates that a deficiency in performance prejudiced him, the court should conduct a hearing. Hodges v. State, 885 So.2d 338, 355 (Fla.2004).
Newland’s claim regarding witness Balbi was facially sufficient. He identified the witness, described what her testimony would have been, stated that she was able to testify because she lived in Sarasota at the time of the trial, and asserted that the failure to call her prejudiced him because her testimony would have impeached the statements of an important Williams rule witness. See Nelson v. State, 875 So.2d 579, 582-83 (Fla.2004); Petz v. State, 917 So.2d 381, 382-83 (Fla. 2d DCA 2005). Newland’s allegations concerning the testimony of this potential witness cannot be refuted by the record because she did not testify. Therefore, the postconviction proceeding presented a factual dispute that must be resolved with an evidentiary hearing. See Cottle v. State, 733 So.2d 963, 965 n. 2 (Fla.1999). Accordingly, we reverse and remand with directions to the postcon-viction court to hold an evidentiary hearing on this limited issue.
Affirmed in part, reversed in part, and remanded.
STRINGER and VILLANTI, JJ., Concur.