POLEN, J.
Appellant, Ricardo James, appeals the trial court’s summary denial of his rule 3.850 motion for post-conviction relief. James raises five claims in this appeal and we find merit in claims one and two. As to these two claims, James argues he received ineffective assistance of counsel because defense counsel failed to call three witnesses that were crucial to his defense. We affirm the trial court’s summary denial of all but claims one and two of James’s motion and reverse and remand with instructions for the trial court to allow James to amend his motion on these claims.
“[A] defendant alleging an ineffective assistance of counsel claim must set out in his or her motion sufficient alleged facts which, if proven, would establish the two prongs necessary for relief based upon ineffectiveness as outlined in Strickland.” Nelson v. State, 875 So.2d 579, 582 (Fla.2004). “In a rule 3.850 motion, a defendant must therefore assert facts that support his or her claim that counsel’s performance was deficient and that the defendant was prejudiced by counsel’s deficient performance.” Id. To establish prejudice, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable proba *470 bility is a probability sufficient to undermine confidence in the outcome.” Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
James’s motion alleges that he received ineffective assistance of counsel because defense counsel failed to call two alibi witnesses and an eyewitness in his defense. In making these types of claims: “a defendant ... [is] required to allege what testimony defense counsel could have elicited from witnesses and how defense counsel’s failure to call, interview, or. present the witnesses who would have so testified prejudiced the case.” Nelson, 875 So.2d at 583. “That a witness would have been available to testify at trial is integral to the prejudice allegations.” Id. In this case, James’s motion fails to allege these witnesses would have been available for trial. While the state argues that we should affirm without prejudice for appellant to file an amended motion, Nelson teaches that the better practice is to reverse and remand:
We do not ... want postconviction relief to be denied simply because of a pleading defect if that pleading defect could be remedied by a good faith amendment to the motion. Therefore, when a defendant fails to allege that a witness would have been available, the defendant should be granted leave to amend the motion within a specified time period.
Id. at 583-84.
We reverse the trial court’s summary denial of claims one and two of James’s motion and remand to the trial court to allow James an opportunity to cure the pleading defect within thirty days. See Petz v. State, 917 So.2d 381, 383 (Fla. 2d DCA 2005). “If [James] cures the defects, the postconviction court should either attach those portions of the record conclusively refuting his claim or hold an eviden-tiary hearing on whether trial counsel was ineffective for failing to call the alibi witness.” Id. We affirm the trial court’s summary denial of all other claims.
STONE and GROSS, JJ., concur.