[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 25, 2008
THOMAS K. KAHN
CLERK

No. 08-12562
Non-Argument Calendar

D.C. Docket No. 07-14036-CV-KMM

LEDA FOREMAN,
WILLIAM FOREMAN,

Plaintiffs-Appellants,

versus

CITY OF PORT ST. LUCIE,
DOMINICK MESITI,
individually and in his official capacity,
ROBERT BRANDO,
individually and in his official capacity,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

**(September 25, 2008)**

Before MARCUS, WILSON and COX, Circuit Judges.

PER CURIAM:

## I. Factual Background

We review a dismissal for failure to state a claim; we summarize briefly the following relevant facts taken from the Plaintiffs' Amended Complaint. There was a dispute between neighbors in the City of Port St. Lucie ("Port St. Lucie"). When police officers Robert Brando and Dominick Mesiti arrived at the scene, one neighbor's worker told the officers that Leda Foreman had argued with him and used a BB gun at a target in her backyard. (R.2-67 at 3.)

Brando searched the Foremans' garage and backyard and found a BB gun. When Mr. Foreman approached Brando to discuss the incident, Brando pointed the empty BB gun at Mr. Foreman and pulled the trigger. Mrs. Foreman watched this incident but did not know the BB gun was empty. (*Id.* at 3-4.) Brando then applied for a warrant for the arrest of Mrs. Foreman, which was issued by the magistrate. The warrant was based on a violation of Port St. Lucie Ordinance Section 130.01 ("Ordinance") which prohibits the discharge of any air gun within the city limits. (*Id.* at 4-5.)

Brando then called Mrs. Foreman on the phone and informed her that an Arrest Affidavit had been issued for her violation of the Ordinance, and Mrs. Foreman surrendered herself to the St. Lucie County jail the next day. (R.2-67 at 4-6.)

2

The St. Lucie County State Attorney's office eventually declined to prosecute Mrs. Foreman based on her violation of the Ordinance. (*Id.* at 8.)

## II. Procedural History

The Foremans brought suit against Port St. Lucie and also against Mesiti and Brando in their individual and official capacities. The Amended Complaint seeks relief on seven claims (R.2-67 at 10-19): Count I is Mrs. Foreman's § 1983 claim for false imprisonment and false arrest against Mesiti and Brando; Count II is Mrs. Foreman's § 1983 claim against Port. St. Lucie for a policy of allowing false arrests under the Ordinance; Count III is Mr. Foreman's assault claim against Brando; Count IV is Mrs. Foreman's negligent training claim against Port St. Lucie; Count V is Mrs. Foreman's intentional infliction of emotional distress claim against Brando; Count VI is Mr. Foreman's loss of consortium claim against Port St. Lucie, Brando, and Mesiti; and Count VII is Mrs. Foreman's malicious prosecution claim against Brando and Mesiti.

The Defendants filed a motion to dismiss for failure to state a claim. The district court adopted the report and recommendation of the magistrate judge and dismissed all but the assault claim.[1] (R.2-98 at 1-2.) The district court held that

---

[1]The assault claim was dismissed on summary judgment and Mr. Foreman does not challenge that judgment. (R.2-101 at 3-4.)

the Ordinance was valid (R.2-92 at 4), that the facts alleged in the Amended Complaint gave probable cause for the arrest (*id.* at 4-9), and that the facts alleged in the Amended Complaint did not make out a claim for intentional infliction of emotional distress (*id.* at 9-10).

The Foremans appeal the dismissal of their claims. They argue first that the district court erred in applying a heightened pleading standard to their motion to dismiss and thus erroneously dismissed all seven Counts. Second, they argue that the district court erred in holding that the Ordinance was valid, and accordingly erred in dismissing part of Count 1 and all of Count 2. Third, the Foremans argue that the district court erred in holding that probable cause existed, and thus erred in dismissing the remainder of Count 1, and all of Counts 4, 6, and 7. Finally, the Foremans argue that their complaint did allege sufficient facts to state a claim for intentional infliction of emotional distress, and so the district court erred in dismissing Count 5.

The Foremans also appeal the district court's order striking their expert witnesses. Because we affirm the dismissal of all the Foremans' claims, we do not address this issue.

## III. Discussion

### A. The Ordinance is valid in its regulation of BB guns.

Mrs. Foreman argues Fla. Stat. § 790.33 preempts the Ordinance banning the discharge of an air gun in the city limits of Port St. Lucie. Specifically, Mrs. Foreman argues that the Ordinance is void because Fla. Stat. § 790.33 preempts the whole field of firearm and ammunition regulation, and states that any city, county, or other municipal ordinance regulating firearms and ammunition is void.

While it is true that Fla. Stat. § 790.33 does preempt municipal regulation of firearms, a BB gun is not a firearm under Chapter 790 of the Florida Statutes. *Petz v. State*, 917 So.2d 381, 383 (Fla Dist. Ct. App. 2005).

The Foremans also argue that because the Ordinance does regulate some firearms, the preemption provision of Fla. Stat. § 790.33 renders the entire Ordinance invalid since the Ordinance does not contain a severability clause. Florida law, however, allows severability absent a severability clause. *Dade County v. Keyes*, 141 So.2d 819, 821-822 (Fla. Dist. Ct. App. 1962).

Section 790.33 of the Florida Statutes does not preempt a municipal ordinance regulating BB guns. Accordingly, the district court did not err in holding that the Ordinance is valid and dismissing part of Count 1 and all of Count 2.

B.  Defendants had probable cause to arrest Mrs. Foreman.

The Foremans argue that probable cause for the arrest of Mrs. Foreman did not exist.  In particular, the Foremans argue that the information regarding Mrs. Foreman's use of a BB gun provided by a neighbor's worker was insufficient to create probable cause for her arrest.

Probable cause for an arrest exists when an eyewitness reports witnessing a crime to police.  *U.S. v. Bell*, 457 F.2d 1231, 1238 (5th Cir. 1972).

Here, the Foremans' Amended Complaint alleges that "Both officers were informed by a worker at the a [sic] neighbor's home that LEDA FOREMAN had started a verbal dispute with him and used a BB gun at a target displayed in her backyard."[2]  (R.2-67 at 3.)  Because the Amended Complaint alleges that an eyewitness reported the discharge of a BB gun, which is a crime under the Ordinance, probable cause existed to arrest Mrs. Foreman.  Accordingly, the district court did not err in holding that probable cause existed and dismissing the remainder of Count 1, and all of Counts 4, 6, and 7.

---

[2]The Foremans argue that had they been given an opportunity to amend the Amended Complaint, they could have alleged facts that would have shown no probable cause existed.  A court is not required to allow a party to amend when the party does not request leave to amend. *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).

C. The Amended Complaint did not state a claim for intentional infliction of emotional distress.

Mrs. Foreman next argues that the district court erroneously dismissed her claim for intentional infliction of emotional distress. Specifically, Mrs. Foreman contends that her Amended Complaint adequately alleges that Brando acted with intent to cause emotional distress.

While the district court dismissed Mrs. Foreman's claim for intentional infliction of emotional distress based on her failure to properly allege that Brando acted with the necessary intent, we are free to affirm the ruling of a district court on any ground. *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1355 (11th Cir. 2007). Here, Mrs. Foreman alleges the following facts in support of her claim for intentional infliction of emotional distress: that Brando pointed an unloaded BB gun at Mr. Foreman's chest and pulled the trigger, and that Mrs. Foreman watched this incident without knowing the BB gun was unloaded. (R.2-67 at 16-17.) Florida courts use a very high standard in evaluating whether the facts alleged are sufficiently outrageous to support a claim for intentional infliction of emotional distress. *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 278 (Fla. 1985). Although Florida case law does not discuss the viability of an intentional infliction of emotional distress claim based on facts

7

similar to those of this case, we conclude that the conduct alleged here is not "beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 279 (quoting Restatement (Second) of Torts § 46 (1965)).

Because Mrs. Foreman has not alleged facts sufficiently outrageous to satisfy the outrageous conduct element of a claim for intentional infliction of emotional distress, the district court did not err in dismissing her claim.

D.  The district court did not rely on a heightened pleading standard in dismissing the Foremans' claims.

The Foremans argue the district court erred in applying a heightened pleading standard to their case, and accordingly erred in dismissing all counts.  We disagree.  The district court dismissed all claims except the intentional infliction of emotional distress claim based on what was *included* in the Amended Complaint. While the district court may have demanded too much of the Amended Complaint in its dismissal of the intentional infliction of emotional distress claim, we affirm that dismissal on another ground.

IV.  Conclusion

We find no error in the district court's dismissal of all claims.

AFFIRMED.